

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00487-CR

Elbert Lee **SANDERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 54th Judicial District Court, McLennan County, Texas
Trial Court No. 2012-327-C2
Honorable Matt Johnson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  August 29, 2014

AFFIRMED

A jury convicted Appellant Elbert Lee Sanders of aggravated assault–habitual offender and

possession of a firearm by a felon.  *See* TEX. PENAL CODE ANN. §§ 22.02, 46.04 (West 2011).  He

was sentenced to confinement terms of fifty-five years and twenty years, respectively.  On appeal,

Sanders contends the trial court erred in including two standard instructions in the punishment

phase jury charge: (1) an instruction on good conduct time and parole law, and (2) an instruction

for the jury not to consider sympathy.  We affirm the trial court's judgment.

## JURY INSTRUCTIONS

Because Sanders is not appealing his conviction, we only address the punishment phase jury instruction issues.

### A.     Standard of Review

When analyzing alleged jury charge error, an appellate court first determines if error occurred and, "if we find error, we analyze that error for harm." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If there was error, and the appellant objected to the error at trial, reversal is required when the error is "calculated to injure the rights of the defendant;" defined to mean that there is "some harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). If, as in this case, the error was not objected to, reversal is only required if the harm was so egregious and created such harm that the defendant "'has not had a fair and impartial trial.'" *Id*. at 172 (quoting *Ross v. State*, 487 S.W.2d 744, 745 (Tex. Crim. App. 1972)); *see also Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) ("The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal.").

### B.     Jury Instructions

In his first argument, Sanders contends the standard statutory instruction on good conduct time and parole law falsely imply that a person may be released from prison early, without the benefit of parole supervision if good conduct time has been accumulated.

#### 1.     *Good Conduct Time*

##### a.     Texas Code of Criminal Procedure Article 37.07, section 4(a)

During the penalty phase of a felony case, article 37.07, section 4(a) of the Texas Code of Criminal procedure instructs the trial court to charge the jury as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX. CODE CRIM. PRO. ANN. art. 37.07 section 4(a) (West 2006). The trial court instructed the jury as required by Article 37.07 section 4(a). Sander's trial counsel did not object to the charge.

b.     Arguments of the Parties

Sanders acknowledges article 37.07, section 4(a) directs the trial court to charge a jury in very general terms about the existence and possible grant of parole. *See id.* Sanders argues that in the present case, the instruction is misleading and could lead a juror to erroneously believe that Sanders would obtain early release without any supervision based simply on accrued good conduct time. He contends that because article 36.14 of the same code mandates that a trial court must charge the jury in the "law applicable to the case," article 37.07 misleads the jury, and the two articles are in conflict.

Sanders attempts to distinguish his argument from *Luquis v. State*, 72 S.W.3d 355 (Tex. Crim. App. 2002), the presumably dispositive case on the matter. Sanders argues that he does not contend that the trial court should have changed the language of the 37.07 instruction, but instead the trial court should have "simply added language to ensure the overall effect of the instruction was not misleading."

The State counters the trial court has no discretion to provide the good conduct time instruction and the instruction is a correct statement of law approved by countless courts. TEX. CODE CRIM. PROC. ANN. art. 37.07, sec. 4(a).

c.      Analysis

The Tenth Court of Appeals[1] has addressed this issue on several occasions, stating, "[t]he Court of Criminal Appeals has determined that the instruction in question is constitutional, mandatory, and has stated that the trial court is not authorized to alter the instruction from the precise language of article 37.07, section 4(a)." *Gaither v. State*, No. 10-11-00129-CR, 2012 WL 2511430 (Tex. App.—Waco June 27, 2012, no pet.) (mem. op., not designated for publication) (citing *Luquis*, 72 S.W.3d at 363); *see also Brown v. State*, No. 10-12-00264-CR, 2013 WL 1558113 (Tex. App.—Waco Apr. 13, 2013, pet. granted) (mem. op., not designated for publication); *Lopez v. State*, No. 10-12-00282-CR, 2013 WL 490023 (Tex. App.—Waco Feb. 7, 2013, no pet.) (mem. op., not designated for publication); *Paez v. State*, No. 10-12-00091-CR,

---

[1] Because this case was transferred from the Tenth Court of Appeals, we look to previous Tenth Court of Appeals opinions for guidance. Rule 41.3 of the Texas Rules of Appellate Procedure provides:

> In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court.

TEX. R. APP. P. 41.3.

2012 WL 5381419 (Tex. App.—Waco Nov. 1, 2012, pet. ref'd) (mem. op., not designated for publication).

"There is a presumption that the jury followed the charge's instructions." *Turner v. State*, No. 10-09-00307-CR, 2011 WL 3333271, at *1 (Tex. App.—Waco Aug. 3, 2011, no pet.) (mem. op., not designated for publication) (citing *Luquis*, 72 S.W.3d at 366). Absent evidence or indications to the contrary, this presumption prevails. *Id*. (citing *Hooper v. State*, 255 S.W.3d 262, 271–72 (Tex. App.—Waco 2008, pet. ref'd)).

Sanders argues the trial court should have added language so as to prevent any likelihood the jury was misled. Once again, the *Turner* opinion is instructive.

> [Appellant] has not demonstrated a reasonable likelihood that the jury was, in fact, misled or that it assessed a higher sentence based upon any misconstruction of the parole law charge. Nothing in the record suggests that the jury discussed, considered or tried to apply (despite the judicial admonition not to apply) what they were told about good conduct time and parole. Neither the prosecutor nor defense attorney discussed good conduct time or parole in argument or urged the jury to assess a greater (or lesser) sentence based upon good conduct time or parole. The jury did not send out any notes indicating or expressing confusion about the possible application of good conduct time or parole to [Appellant].

*Id*.; *Lewis v. State*, No. 10-09-00322-CR, 2011 WL 3333702, at *1 (Tex. App.—Waco Aug. 3, 2011, no pet.) (mem. op., not designated for publication).

We conclude this matter is well-settled and the trial court did not err in including the instruction in the jury's charge. *See Mathews v. State*, No. 10-12-00046-CR, 2012 WL 3799229, at *1 (Tex. App.—Waco Aug. 30, 2012, pet. ref'd) (mem. op., not designated for publication); *Randolph v. State*, No. 01-08-00453, 2012 WL 2100792, at *6 (Tex. App.—Houston [1st Dist.] June 7, 2012, no pet.) (mem. op., not designated for publication); *Thomas v. State*, No. 02-09-00341, 2010 WL 3377792, at *1–2 (Tex. App.—Fort Worth Aug. 27, 2010, pet. ref'd) (mem. op, not designated for publication); *Martinez v. State*, No. 03-08-00611, 2009 WL 2567902, at *2

(Tex. App.—Austin Aug. 21, 2009, no pet.) (mem. op. not designated for publication). Having found no error, we need not conduct a harm analysis. We overrule this issue.

   *2.     Sympathy*

Sanders next complains the trial court erred by instructing the jury not to consider "sympathy" in its deliberations in the punishment phase of his trial.

   a.     <u>Charge</u>

The instruction, about which Sanders complains, reads as follows:

> Do not let personal bias, prejudice, sympathy or resentment on your part, or any such personal emotion on your part, enter into your deliberations or affect your verdict in this case.

Sanders' counsel did not objection to the inclusion of the instruction in the jury's charge.

   b.     <u>Arguments of the Parties</u>

Sanders argues sympathy is a legitimate consideration and "to tell a jury flatly to not consider it is error." Once again, Sanders contends article 36.14's requirement that the charge set "forth the law applicable to the case," TEX. CODE CRIM. PROC. ANN. art. 36.14, is in direct conflict with article 37.07, section 3(a)(1)'s provision allowing the jury to consider the defendant's character and his general reputation. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West 2006).

The State counters that the trial court's sympathy instruction is proper because it focuses the jurors' attention on the issues in front of them, rather than on arbitrary emotional factors like sympathy.

   c.     <u>Analysis</u>

Sanders acknowledges the Tenth Court of Appeals addressed a similar issue in *Wilson v. State*, 267 S.W.3d 215 (Tex. App.—Waco 2008, no pet.). *Wilson* stands for the proposition that there is no Eighth Amendment violation in a non-capital case when a jury is instructed not to

consider sympathy. *Id*. at 219 (citing *Saffle v. Parks*, 494 U.S. 484, 486–87 (1990); *accord Lewis*, 2011 WL 3333702, at *1; *Turner*, 2011 WL 3333271, at *1.

Sanders, however, attempts to distinguish his argument as "whether as a matter of statutory construction and public policy regarding non-constitutional error, the anti-sympathy instruction should be deleted." We are not persuaded.

Sanders' "statutory conflict" argument was recently addressed by the Second Court of Appeals. The court held a sympathy instruction did not conflict with article 36.14.

> . . . [A] prohibition against the judge doing something is not the same as a mandate that the judge instruct a jury not to do that same something. In other words, while a trial court may violate article 36.14 by issuing a charge that discusses the facts or uses an argument calculated to arouse the sympathies of the jury or excite its passions, Appellant has directed us to no authority requiring a trial court to instruct the jury in a noncapital case not to have its sympathies aroused or its passions excited.

*Donato v. State*, 02-11-00313-CR, 2014 WL 1704115, at *11 (Tex. App.—Fort Worth Apr. 30, 2014, no pet.) (mem. op., not designated for publication); *accord Garcia v. State*, 14-09-00075-CR, 2010 WL 1611006, at *6 (Tex. App.—Houston [14th Dist.] Apr. 22, 2010, no pet.) (mem. op., not designated for publication) (relying on *McFarland v. State*, 928 S.W.2d 482, 522–23 (Tex. Crim. App. 1996) (en banc), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998)).

We agree with our sister courts and hold the trial court did not err in including the sympathy instruction in question. Having found no error, we need not conduct a harm analysis. We overrule this issue.

## CONCLUSION

Because we find no error in the charged instructions, we overrule Sanders's issues on appeal. Accordingly, we affirm the judgment of the trial court.

Patricia O. Alvarez, Justice

PUBLISH