

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00202-CR

PAUL SAMPSON JR.                                                           APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1372715D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Paul Sampson Jr. appeals from his conviction for sexual assault, a second-degree felony.[2]  In three points, he contends that the trial court's jury charge on punishment violated his rights of due process and due course of law, that the statute authorizing a "DNA testing" fee charged to him as a court cost is

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.011(a)(1)(A), (f) (West 2011).

unconstitutional, and that the trial court abused its discretion by admitting several exhibits over his objection. We affirm.

**Background Facts**

According to evidence presented at trial, in August 2013, appellant sexually assaulted L.B. (Lisa).[3] Appellant and Lisa had known each other for several years. During questioning by the State, Lisa testified to communicating with appellant and several others by using her cell phone and Facebook account before and after the sexual assault. In reference to these communications, the State offered twenty photographic exhibits, nineteen of which displayed information on the screen of Lisa's cell phone and one of which displayed her Facebook page. The photographs showed various call logs from Lisa to appellant, call logs from Lisa to several of her friends, several text messages between Lisa and appellant, and a Facebook conversation between Lisa and appellant. The trial court admitted these exhibits over appellant's objection.

After the parties completed their presentations of evidence and arguments on the issue of appellant's guilt, a jury convicted him. At the end of the trial's punishment phase, over appellant's objection, the trial court gave the jury a charge that contained statutorily required language concerning the possibility of good-conduct time credit during incarceration even though such credit is not

---

[3]To protect L.B.'s anonymity, we will refer to her through a pseudonym. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

available for a defendant convicted of sexual assault.[4]  The jury assessed appellant's punishment at ten years' confinement but recommended that the sentence be suspended and that appellant be placed on community supervision.

In accordance with the jury's verdict, the trial court placed appellant on community supervision.  In its judgment, the trial court assessed costs of $559, including $250 for "DNA Testing," as mandated by statute.[5]  Appellant appealed.

**Jury Charge**

In his first point, appellant argues that the trial court erred by including the portion of the jury charge on punishment regarding the possibility of obtaining good-conduct time credit during incarceration.  In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

Appellant acknowledges that the instruction concerning the possibility of obtaining good-conduct time complied with article 37.07, section 4(a) of the code of criminal procedure.  *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a).  He argues, however, that the instruction was erroneous and unconstitutional as applied to him because good-conduct time credit cannot be accumulated by someone who is convicted of sexual assault.  *See* Tex. Gov't Code Ann. § 508.145(d) (making a person serving a sentence for sexual assault ineligible

---

[4]*See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2016); Tex. Gov't Code Ann. § 508.145(d)(1) (West Supp. 2016).

[5]*See* Tex. Code Crim. Proc. Ann. art. 102.020(a)(1) (West Supp. 2016).

for release based on the consideration of good-conduct time credit). But appellant acknowledges that the court of criminal appeals has addressed this issue and found no violation of due process.[6] *See Luquis v. State*, 72 S.W.3d 355, 357, 363–68 (Tex. Crim. App. 2002).

We are bound by the precedent of the court of criminal appeals. *Crenshaw v. State*, 424 S.W.3d 753, 755 (Tex. App.—Fort Worth 2014, no pet.). Accordingly, following *Luquis*, we hold that the trial court did not err by issuing the jury charge in compliance with article 37.07, section 4(a) of the code of criminal procedure. *See* 72 S.W.3d at 357, 363, 368; *Thomas v. State*, No. 02-09-00341-CR, 2010 WL 3377792, at *1 (Tex. App.—Fort Worth 2010, pet. ref'd) (mem. op., not designated for publication) (following *Luquis*); *Jennings v. State*, No. 02-08-00145-CR, 2009 WL 1564961, at *7 (Tex. App.—Fort Worth June 4, 2009, pet. ref'd) (mem. op., not designated for publication) (same); *Sanders v. State,* 255 S.W.3d 754, 765–66 (Tex. App.—Fort Worth 2008, pet. ref'd) (same); *see also Sanders v. State*, 448 S.W.3d 546, 549 (Tex. App.—San Antonio 2014, no pet.) (collecting more cases and declaring the matter "well-settled"). We overrule appellant's first point.

### DNA Testing Cost

In his second point, appellant contends that the collection of $250 for a DNA testing cost, as mandated by article 102.020(a)(1) of the code of criminal

---

[6]Appellant states that he brings his complaint "to preserve the issue for further review."

4

procedure, is facially unconstitutional because it is not necessary or incidental to the trial of a criminal case. *See* Tex. Code Crim. Proc. Ann. art. 102.020(a)(1) (requiring a person convicted of certain offenses to pay $250 as a court cost). Appellant recognizes, however, that the court of criminal appeals recently rejected the "necessary and incidental" standard as governing the constitutionality of court costs.[7] *See Peraza v. State*, 467 S.W.3d 508, 517, 521 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1188 (2016).

In *Peraza*, the court rejected the very argument appellant makes in his second point, which is that article 102.020 is facially unconstitutional. *Id.* at 510, 521 ("Because Peraza has not demonstrated that every application of the statute assigning DNA Record Fee revenue to the state highway fund would be unconstitutional, he has not met his burden to show that the portion of the DNA Record Fee that benefits the state highway fund is facially unconstitutional."). The court rejected its prior opinion in *Ex parte Carson*—the case upon which appellant principally relies in his second point—as governing the constitutionality of court costs. 143 Tex. Crim. 498, 506, 159 S.W.2d 126, 130 (1942) (op. on reh'g), *overruled by Peraza*, 467 S.W.3d at 517.

Appellant contends that *Peraza* was wrongly decided for several reasons, but we do not have the discretion to reject the holdings of the Texas Court of Criminal Appeals. *See Crenshaw*, 424 S.W.3d at 755. Because the holding in

---

[7]Appellant again states that he brings his complaint "to preserve the matter for further review."

*Peraza* explicitly forecloses appellant's facial challenge to the constitutionality of article 102.020 and rejects *Carson*'s "necessary and incidental" standard upon which he bases his argument, we overrule his second point. *See Peraza*, 467 S.W.3d at 510, 517, 521.

### Admission of Evidence

In his third point, appellant argues that the trial court abused its discretion by admitting photographs of Lisa's cell phone and Facebook page. Some of these photographs display text messages from appellant stating "Food is here," "I really enjoyed ur company last night," and "I'm at the cinema." One photograph displays a Facebook conversation between Lisa and appellant in which he wrote, "i hear u" and in which she wrote, among other things, "Hi Paul, go to sleep[.]" The other photographs all display logs of Lisa's received and missed calls. Appellant contends that these photographs were not relevant because they did not have any tendency to make a fact of consequence more or less probable and therefore should not have been admitted. *See* Tex. R. Evid. 401.

Assuming, without deciding, that the trial court erred by admitting the photographs, we conclude that the error was not harmful under the standard for nonconstitutional error. A nonconstitutional error that does not "affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b); *see James v. State*, 335 S.W.3d 719, 726 (Tex. App.—Fort Worth 2011, no pet.) ("Generally, the erroneous admission or exclusion of evidence is nonconstitutional error governed

6

by rule 44.2(b) if the trial court's ruling merely offends the rules of evidence.").[8] A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial. *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010), *cert. denied*, 562 U.S. 1142 (2011); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection."); *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998); *Hill v. State*, 303 S.W.3d 863, 876 (Tex. App.—Fort Worth 2009, pet. ref'd). Here, before the trial court admitted the complained-of photographs, Lisa testified, without objection, that she had received and missed calls from appellant, that she had sent him an online message stating "Paul, go to bed," and that they had exchanged text messages. Specifically, Lisa testified that appellant had sent her a text message stating that he was in a movie theater and another

---

[8]In his brief, appellant concedes that rule 44.2(b)'s harm standard for nonconstitutional error applies to this point.

text message stating that her food was ready after she had agreed to eat dinner with him. Later in Lisa's testimony, the State offered the photographs at issue (except the Facebook photograph), appellant objected, and the trial court overruled the objection and admitted the photographs. Without any further objection, Lisa testified about the contents of the photographs, including the Facebook photograph and the text message that he had enjoyed her company, and she also testified about various calls made to and from her cell phone. The State then offered the Facebook photograph, and the trial court admitted it over appellant's objection. After the Facebook photograph's admission, Lisa again testified about its contents without objection.

Under these circumstances, because unobjected-to evidence proves the same facts as the objected-to photographs, we conclude that any error in admitting the photographs was harmless. *See* Tex. R. App. P. 44.2(b); *Estrada*, 313 S.W.3d at 302 n.29; *Hailey v. State*, 413 S.W.3d 457, 469 (Tex. App.—Fort Worth 2012, pet. ref'd); *Elder v. State*, 132 S.W.3d 20, 27 (Tex. App.—Fort Worth 2004, pet. ref'd), *cert. denied*, 544 U.S. 925 (2005). We overrule appellant's third point.

## Conclusion

Having overruled appellant's three points, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2016