*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# OPINION

No. 04-11-00577-CR

Roscol L. **HINES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR2739
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  August 29, 2012

AFFIRMED

After a jury trial, appellant Roscol L. Hines was found guilty of the felony offense of driving while intoxicated ("DWI").  Based on the jury's recommendation, the trial court sentenced Hines to thirty-five years confinement.  On appeal, Hines claims: (1) the trial court erred in overruling his motion to suppress; (2) the evidence was legally insufficient to support his conviction; (3) the trial court erred in admitting into evidence a video from an officer's dashboard camera; and (4) the trial court erred in refusing to instruct the jury it was required to

unanimously agree on the same two of the three prior convictions. We affirm the trial court's judgment.

## BACKGROUND

Officers from the San Antonio Police Department responded to an accident call for an overturned vehicle near "Grass to Go" on the northbound access road of I-35 in the early morning hours of December 6, 2009. When officers arrived at the accident scene, first responders from the San Antonio Fire Department were examining Hines for injuries. Other than the overturned vehicle, there were two other vehicles at the scene. The occupants of the vehicles witnessed the accident, but after briefly speaking with an officer, they left. Other than the two vehicles, and fire and police department personnel, only Hines was found at the scene of the accident. Fire department personnel determined Hines was uninjured and able to speak to police.

Immediately, officers noticed several signs of intoxication, including a strong odor of intoxicants, slurred speech, and unsteadiness. After questioning Hines about the accident, officers administered two field sobriety tests, the horizontal gaze nystagmus ("HGN") and the walk and turn. Thereafter, police arrested Hines for driving under the influence and took him to the police station. Hines was offered the opportunity to submit to a breath test, but after several tries, he failed to produce a sufficient sample.

At trial, the State sought testimony from the individual who reported the accident, law enforcement personnel, and a latent fingerprint examiner.

Christina Morgan, who reported the accident, testified that on the night of the accident, she and her husband were driving on the northbound service road of Interstate 35. She stated she did not witness the accident, but she saw an overturned vehicle near a fence and saw an African

American male, who she identified as being around the same height as Hines, pulling himself out of the driver's side window. Morgan told the jury she saw the man stumbling in an area in front of the car. Morgan stated she saw only one person near the overturned vehicle. She also stated that the road in that area was straight and it was dry at that time.

Officer Gabriel Gallegos testified he responded to the accident and when he approached Hines, after Hines was cleared by fire department personnel, he immediately smelled alcohol on Hines's breath and noticed his slurred speech and unsteadiness. Officer Gallegos also said he saw Hines had urinated on himself. Based on these observations, Officer Gallegos decided to administer the standard field sobriety tests. Officer Gallegos testified Hines exhibited such clear signs of intoxication in the first two tests, the HGN and walk and turn, that Officer Gallegos declined to administer further tests out of concern for Hines's safety.

Officer Gallegos also testified he spoke to Hines at the accident scene, asking him what happened. According to Officer Gallegos, Hines admitted driving the overturned vehicle and stated he lost control and crashed into a fence.[1]

Hines was taken downtown and was offered a breath test. Hines agreed, but then refused to provide a second breath sample when the breathalyzer "timed out" because Hines provided an insufficient first breath sample. Officer Gallegos stated he did not seek a warrant for a blood sample or a blood draw and no blood sample was taken. Officer Gallegos also testified about the DWI video that recorded events at the scene.[2] He stated his patrol car was equipped with a dashboard camera, but it was not working that night. However, another responding officer did have a working dashboard camera that recorded portions of the interaction between Officer

---

[1] These statements are a portion of the evidence Hines sought to suppress, an issue we will deal with in the analysis portion of the opinion.
[2] The admission of the video is challenged by Hines in this appeal, and like the statements, will be discussed in the analysis portion of the opinion.

Gallegos and Hines. Officer Gallegos admitted the resulting video was of poor quality and did not record all of the events.

The video, which was shown to the jury, showed officers arriving at the accident scene, Hines performing one of the field sobriety tests – the walk and turn test – and being placed under arrest. It also showed a patrol car leaving the scene and a moving tow truck. Unidentifiable footage from different times interrupted sections of the video footage of the night Hines was arrested.

The State also alleged three prior Wisconsin state court DWI convictions to enhance the conviction to felony DWI. The State introduced fingerprint comparisons, certified copies of three Wisconsin judgments, and related jail records to support the enhancement. Shannon Standifer, a latent fingerprint examiner with the City of San Antonio, took fingerprints from Hines on the day of trial and compared them to a booking slip for a DWI judgment from Milwaukee County, Wisconsin and to those on a booking slip and drop card for DWI judgments from Marquette County and Washaura County, Wisconsin. She testified that all of the fingerprints matched.

At the conclusion of evidence, the trial court charged the jury on the applicable law. As part of the jury charge, the trial court instructed the jury that it must "find at least two of the following occurred beyond a reasonable doubt," referring to the three prior DWI convictions. It did not require the jury to be unanimous as to any two specific convictions, only unanimous that Hines had been previously convicted of at least two DWI offenses. After deliberating, the jury found Hines guilty of felony DWI. Hines perfected this appeal.

## ANALYSIS

As noted above, Hines contends: (1) the trial court erred in overruling his motion to suppress; (2) the evidence was legally insufficient to support his conviction; (3) the trial court erred in admitting into evidence a video from an officer's dashboard camera; and (4) the trial court erred in refusing to instruct the jury it was required to unanimously agree on the same two of the three prior convictions. With regard to the motion to suppress, Hines argues the trial court should have suppressed the statements he made to officers at the scene because he was not *Mirandized*, and the statements were the result of a custodial interrogation. Relating to his sufficiency challenge, Hines argues that although he may have been intoxicated, there was no evidence he was the driver of the overturned vehicle. As for the video, he argues the trial court erred in admitting the DWI videotape because it was not properly authenticated. The final issue concerns the jury's findings relating to Hines's prior DWI offenses. We begin with an analysis of the motion to suppress.

### *Motion to Suppress*

Hines filed a pretrial motion to suppress. In his motion, Hines argued the trial court should suppress the statements he made to Officer Gallegos at the accident scene – the statements relating to his admission that he was driving the car at the time of the accident. The trial court denied the motion. No findings of fact or conclusions of law were requested or filed. Hines reurged his motion to suppress when the State, during its case-in-chief, began to question Officer Gallegos about statements Hines made at the scene. Hines objected and the trial court held a hearing outside the presence of the jury to reconsider the admissibility of these statements. Hines argued the statements were made during a custodial interrogation, and because he was not given his *Miranda* or Article 38.22 warnings, the statements were inadmissible. The trial court

overruled the objection and allowed Officer Gallegos to testify that Hines admitted he was driving the vehicle at the time of the accident.

In his second and third points of error, Hines argues the trial court erred in denying his motion to suppress. Hines contends the statements should have been suppressed because they were made during a custodial interrogation without the benefit of the *Miranda* warnings. Hines argues this violated his state and federal constitutional rights and his rights under Texas statutory law. Thus, the issue is whether Hines was in custody at the time he spoke to Officer Gallegos.

We review a trial court's ruling on a motion to suppress for an abuse of discretion under a bifurcated standard. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Hodson v. State*, 350 S.W.3d 169, 173 (Tex. App.—San Antonio 2011, pet. ref'd). "[W]e defer to the trial court's determination of facts, but review the court's application of the law de novo." *Hodson*, 350 S.W.3d at 173. All evidence is viewed "in the light most favorable to the trial court's ruling." *Id.* (quoting *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008)). We will uphold the trial court's ruling "if there is any valid theory of law applicable to the case, even if the trial court did not base its decision on that theory." *Id.* (citing *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002)). We will overturn the ruling only if it is "outside the zone of reasonable disagreement." *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011).

As set forth in *Miranda v. Arizona*, police are required to warn suspects of certain constitutional rights prior to a custodial interrogation. 384 U.S. 436, 444, 478 (1966); *Hodson*, 350 S.W.3d at 173. The Texas Code of Criminal Procedure also governs the admissibility of statements made during a custodial interrogation. *See* TEX. CODE. CRIM. PROC. ANN. art 38.22 (West 2011). It provides that a defendant's oral statement is admissible against him in a criminal proceeding if the defendant was given certain warnings prior to making the statement, that the

warnings and the statement were electronically recorded, and the defendant "knowingly, intelligently, and voluntarily" waived these rights. *Id.* art. 38.22, §§ 2(a), 3(a)(1)-(2).

*Miranda* and Article 38.22 warnings are required only when a suspect is in custody. *Miranda*, 384 U.S. at 444, 478; *Hodson*, 350 S.W.3d at 173. "'A person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest.'" *Hodson*, 350 S.W.3d at 173-74 (quoting *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996)). The court of criminal appeals has recognized four situations that may constitute custody: (1) when a suspect is physically deprived of his freedom of action in any significant way; (2) when a police officer tells a suspect he cannot leave; (3) when a police officer creates a situation that would lead a reasonable person to believe his freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest and a police officer does not tell a suspect he is free to leave. *Id.* at 174. The objective circumstances, not the subjective views of either the officer or the suspect, determine whether the defendant was subject to custodial interrogation. *Dowthitt*, 931 S.W.2d at 254; *Garza v. State*, 34 S.W.3d 591, 593 (Tex. App.—San Antonio 2000, pet. ref'd).

The State bears no burden to show compliance with *Miranda* or Article 38.22 "*unless and until* the defendant proves that the statements he wishes to exclude were the product of custodial interrogation." *Herrera*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007) (quoting *Wilkerson v. State*, 173 S.W.3d 521, 532 (Tex. Crim. App. 2005)). Thus, Hines had the burden to establish he was in custody before the State was required to show compliance with *Miranda* or Article 38.22. Hines failed to meet his burden.

The United States Supreme Court has held that persons who are temporarily detained due to ordinary traffic stops are not in custody for purposes of *Miranda*. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984). In *Berkemer*, a police officer saw a car weaving in and out of a lane of traffic. 468 U.S. at 423. The officer stopped the suspect and asked him to get out of the car. *Id.* The officer noticed the suspect had difficulty standing and concluded, subjectively, that the suspect would not be free to leave. *Id.* The officer, however, did not communicate this fact to the suspect. *Id.* The officer then asked the suspect to perform a balancing test, which the suspect failed. *Id.* Thereafter, and while still at the scene, the officer asked the suspect if he had been drinking. *Id.* The suspect told the officer he drank two beers and smoked several marijuana joints a short time before he was stopped. *Id.* At that point, the officer arrested the suspect and took him to the jail for an intoxilyzer test. *Id.* When the test failed to show any alcohol, the officer resumed questioning the suspect. *Id.* at 423-24. To this point, no one had given the suspect the *Miranda* warnings. *Id.* at 424.

The suspect was charged with DWI. *Id.* The suspect moved to suppress the statements he made to the officer, claiming he was not informed of his *Miranda* rights prior to the interrogation. *Id.* The trial court denied the motion. *Id.*

Ultimately, the case was submitted to the Supreme Court, which had to determine whether the suspect was in custody for purposes of *Miranda* at the time he made the statements to police. *Id.* at 423. The Supreme Court held the suspect failed to establish he was in custody at any time before he was formally arrested. *Id.* at 441. Although the Court recognized that only a brief period of time passed between the initial stop and the arrest and the officer had subjectively decided to arrest the suspect as soon as the suspect had gotten out of the vehicle, it concluded

that these circumstances did not constitute custody as imagined by *Miranda* and the statements the defendant made were admissible, regardless of the officer's subjective intent. *Id*. at 441-42.

The Texas Court of Criminal Appeals has held that on-the-scene police questioning of drivers about an accident is not a custodial interrogation. *State v. Stevenson*, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997); *Loar v. State*, 627 S.W.2d 399, 400 (Tex. Crim. App. 1981); *Higgins v. State*, 473 S.W.2d 493, 494 (Tex. Crim. App. 1971). In *Stevenson*, the court held that even though the initial accident investigation had made the defendant the focus of a DWI investigation, that fact alone would not give rise to custody. *Stevenson*, 958 S.W.2d at 829. Accordingly, the court held the statements the defendant made in *Stevenson* were not required to be suppressed. *Id*.

We hold the facts in this case do not establish Hines was in custody. The record shows Officer Gallegos initially questioned Hines to investigate the accident. The accident investigation became a DWI investigation after Officer Gallegos discovered reasons to suspect Hines was intoxicated. Moreover, Hines was not in the type of police-dominated atmosphere contemplated by *Miranda*. Rather, he was in plain view of passing cars and other non-law enforcement individuals. Regardless of Officer Gallegos' subjective belief that Hines was not free to leave, the objective circumstances as a whole would not lead a reasonable person to believe he was in custody.

Therefore, we conclude Hines did not meet his burden to establish he was in custody. We hold the trial court did not abuse its discretion in denying the motion to suppress. Accordingly, we overrule Hines's second and third points of error.

*Motion for Directed Verdict*

In his first point of error, Hines contends the trial court erred in denying his motion for directed verdict. We disagree.

A challenge to a trial court's denial of a motion for directed verdict is reviewed under the same standard used to review a legal sufficiency challenge. *Sony v. State*, 307 S.W.3d 348, 353 (Tex. App.—San Antonio 2009, no pet.) (citing *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996)). Under the legal sufficiency standard, we must review all of the evidence in the light most favorable to the verdict to decide whether the necessary inferences from the evidence are reasonable so that a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Sony*, 307 S.W.3d at 353-54; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Because the jury is the sole judge of witness credibility and determines the weight to be given to testimony, we must defer to the its determinations. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Moreover, circumstantial and direct evidence are reviewed in the same manner, and "'circumstantial evidence alone can be sufficient to establish guilt.'" *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (quoting *Hooper*, 214 S.W.3d at 13). Based on this, we will uphold the verdict "unless a rational factfinder must have had reasonable doubt as to any essential element." *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009).

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West 2011). If a person has two previous DWI convictions, the offense is a felony of the third degree. *Id.* § 49.09(b)(2).

At trial, Hines conceded he might have been intoxicated when he encountered Officer Gallegos, and does not challenge the element of intoxication on appeal. Therefore, the only issue is whether the evidence is legally sufficient to prove beyond a reasonable doubt that Hines was operating a motor vehicle. We hold that it is.

Hines rests his contention on the fact that no one saw him driving, no direct evidence showed when the accident occurred, and the vehicle involved was not registered to him. However, as detailed above, Morgan told the jury she saw an African American male, who she identified as being around the same height as Hines, pulling himself out of the driver's side window. She also testified she saw only one person near the overturned vehicle, and she did not see any other person or vehicle leave the scene. Officer Gallegos testified Hines was the only person at the scene connected to the overturned vehicle. And, the jury heard testimony from Officer Gallegos that Hines admitted he was driving the vehicle, lost control, and crashed into a fence. As we noted above, these statement were admissible.

The jury heard the foregoing evidence. We hold a rational jury could have found Hines was operating a vehicle while intoxicated. The jury's finding is reasonable considering a person matching Hines' description was observed crawling out of the driver's side window of the overturned car and Hines himself admitted to Officer Gallegos he was driving. Therefore, we hold the evidence was sufficient to support Hines's conviction for DWI and overrule his first point of error.

### *Admission of Videotape*

In his fourth point of error, Hines contends the trial court erred in admitting into evidence the DWI videotape recorded at the scene of the accident. Hines argues the videotape could not be properly authenticated under rule 901 of the Texas Rules of Evidence "due to deletions,

additions, and alterations." He also claims the tape could not be authenticated because it was not "made" by Officer Gallegos; rather, the videotape was from another officer's dashboard camera.

We review a trial court's evidentiary rulings using an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court does not abuse its discretion unless its decision is outside the zone of reasonable disagreement. *Tienda*, 358 S.W.3d at 638. And, with regard to the specific issue here, i.e., authentication, there is no abuse of discretion if the trial court "reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

One of the bedrocks of admissibility of evidence is relevance. *Tienda*, 358 S.W.3d at 638. Evidence that cannot be properly authenticated is irrelevant, and therefore authentication is a "condition precedent" to admissibility. *Id.*; TEX. R. EVID. 901(a). With regard to admission of evidence, the preliminary inquiry for the trial court is "whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Tienda*, 358 S.W.3d at 638.

Rule 901(a) specifically states authentication is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims it is. Rule 901 provides a nonexclusive list of examples of authentication or identification that satisfy the rule. TEX. R. EVID. 901(b). Rule 901(b)(1) provides that evidence is properly authenticated if a witness with knowledge testifies that the matter is what it is claimed to be. TEX. R. EVID. 901(b)(1). Thus, the relevant question here is whether the videotape as presented was supported by sufficient evidence to establish it was a videotape of the scene of the accident on the night in question. We hold that it was.

Admittedly, the videotape was a "jumbled mess" because it did not operate correctly as it was produced from an older model dashboard camera. However, Officer Gallego testified that the portions of the evening that the dashboard camera recorded depicted exactly what happened that night. We have reviewed the videotape and hold it was sufficient for the trial court to reasonably believe that a reasonable juror could find that it had been authenticated. *See Druery*, 225 S.W.3d at 502. Therefore, we hold the trial court did not abuse its discretion in overruling Hines's objection to the admission of the videotape.

As for Hines's argument that the tape could not be authenticated by Officer Gallegos because he had not operated the recording device, the Texas Court of Criminal Appeals has overruled *Kephart v. State*, 875 S.W.2d 319 (Tex. Crim. App. 1994), thereby removing the requirement that a witness testifying as to the authenticity of a piece of evidence be a "witness with knowledge" in the context of an audio recording. *See Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). In other words, a witness is no longer required to be the maker of the recording or have otherwise participated in the conversation in order for his testimony that the recording is what it is claimed to be to sufficiently authenticate it. *Id*. at 69.

In addition, Hines's argument that the poor quality of the video tape makes it impossible to authenticate also fails. In *Schneider v. State*, the defendant argued that certain audio tapes were inadmissible because they contained gaps the witness could not explain. 951 S.W.2d 856, 862 (Tex. App.—Texarkana 1997, pet. ref'd). The appellate court held the tapes were admissible because the sponsoring witness testified the tapes fairly and accurately depicted the conversations therein. *Id.* at 863.

Similarly, in *Aguirre v. State*, a defendant argued a videotape of a DWI stop should have been excluded based on an absence of authentication because it had no sound, rendering it

untrustworthy. 948 S.W.2d 377, 378 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). The appellate court held the videotape, despite the absence of sound, was properly authenticated when the deputy testified the tape was a fair and accurate representation of the DWI stop. *Id.* at 378. The court held the deputy's testimony was sufficient to support a finding that the matter in question was what the proponent claimed it was. *Id.*

Here, although portions of the video are choppy and the incident was not recorded in its entirety, Officer Gallegos identified those portions which do purport to represent the incident as being accurate depictions, and testified that the portions of the evening that the dashboard camera recorded depicted exactly what happened the night Hines was arrested for DWI. This was sufficient for the trial court to find the videotape was what the witness and the State claimed it to be – a depiction of a portion of the events that took place the night Hines was arrested for DWI.

Moreover, even if Hines were correct, and the trial court erred in admitting the videotape, we hold any such error was harmless. Erroneous admission of evidence is non-constitutional error and must be disregarded unless it affects substantial rights. TEX. R. APP. P. 44.2(b). We must examine the record as a whole and have "'fair assurance that the error did not influence the jury, or had but a slight effect'" to determine that substantial rights are not affected. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)). Only if we have a "grave doubt that the result of the trial was free from the substantial effect of the error" will we reverse a conviction. *Barshaw v. State*, 342 S.W.3d 91, 94 (Tex. Crim. App. 2011). Grave doubt exists when the matter is so evenly balanced that the judge feels "'in virtual equipoise as to the harmlessness of the error.'" *Id.* (quoting *Burnett v. State*, 88 S.W.3d 633, 637-38 (Tex. Crim. App. 2002)).

In this case, the video merely showed the jury Hines's behavior on the night of the accident, i.e., his intoxicated state. That Hines was intoxicated was supported by other evidence presented in the case, including testimony by Officer Gallegos and Christina Morgan that Hines was stumbling, and Officer Gallegos's testimony that Hines had urinated on himself, had the strong odor of alcohol on his breath, and had slurred speech. Accordingly, any error in the admission of the videotape did not affect substantial rights and was harmless.

Based on the foregoing, we conclude the trial court did not err in admitting the videotape, and that if it did, such error was harmless. We therefore overrule Hines's fourth point of error.

### *Jury Instruction*

In his fifth and final point of error, Hines contends the trial court erred when it failed to instruct the jury that it must unanimously agree on the same two of the three prior convictions alleged to raise the offense to a felony. We disagree.

When reviewing alleged charge error, we must determine whether there is actually an error in the charge, and whether sufficient harm resulted from this error to require reversal. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994). The portion of the charge about which Hines complains states, in pertinent part:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 6th Day of December, 2009, in Bexar County, Texas, the defendant, Roscell Hines[3] did operate a motor vehicle in a public place while intoxicated;
> And you further find *at least two of the following occurred beyond a reasonable doubt*:
>
> 1. That prior to the commission of the aforesaid offense on the 19th day of March, 2009, in cause number 2009CT000084 in the Circuit Court of Milwaukee County,

---

[3] Although the indictment spells Hines's first name "R-o-s-c-e-l-l," during the course of the proceedings, Hines asserted the proper spelling of his first name was "R-o-s-c-o-l." The judgment reflects the proper spelling as indicated by Hines.

Wisconsin, Roscell Hines was convicted of an offense relating to the operating of a motor vehicle while intoxicated;

2. That prior to the commission of the aforesaid offense on the 23rd day of July, 2008, in cause number 2006CT000075 in the Circuit Court of Marquette County, Wisconsin, Roscell Hines was convicted of an offense relating to the operating of a motor vehicle while intoxicated;

3. That prior to the commission of the aforesaid offense on the 29th day of November, 2007, in cause number 2006CM000066 in the Circuit Court of Waushara County, Wisconsin, Roscell Hines was convicted of an offense relating to the operating of a motor vehicle while intoxicated;

Then, you will find the defendant guilty of a felony offense of driving while intoxicated as alleged in the indictment.

(emphasis added). The charge further instructed the jury that its verdict must be unanimous. However, it did not require the jury to be unanimous as to any two specific prior convictions. This is the basis of Hines's complaint.

The offense of DWI under section 49.04 of the Texas Penal Code is a felony of the third degree if it is shown at trial that the defendant has been previously convicted "two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." TEX. PENAL CODE ANN. § 49.09(b)(2) (West 2011).

The Texas Court of Criminal Appeals has clearly held that "when a combination of more than two felonies is charged for enhancement purposes, jury unanimity is not required on any two specific felonies out of this combination." *Valdez v. State*, 218 S.W.3d 82, 85 (Tex. Crim. App. 2007). The *Valdez* court also held that jury unanimity requirements are determined by the legislative intent of the applicable statute. *Id*. at 84.

To enhance a DWI to a felony of the third degree, the statute requires a person to have been previously convicted "two times of any other offense relating to the operating of a motor vehicle while intoxicated." 49.09(b)(2). This language clearly requires the jury to unanimously

find two prior DWI convictions, but there is no language indicating that unanimity must exist regarding the same two prior convictions. *Id*. Thus, there is no clear intent that jurors are required to be unanimous as to the same two prior DWI convictions.

In the instant case, the jury charge required the jury to be unanimous as to whether or not Hines had previously been twice convicted of DWI. It did not require the jury to be unanimous as to the same two out of the three alleged prior DWI convictions. Given the absence of statutory intent, and the court of criminal appeals' analogous holding in *Valdez*, we hold there was no error in the jury charge because it failed to require the jury to be unanimous as to the same two prior convictions. Accordingly, we overrule this point of error.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Publish