

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00049-CR

Michael **CASTILLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR11902
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  January 17, 2018

AFFIRMED

Michael Castilla appeals his conviction for unlawful possession of a firearm. He argues the

trial court erred by admitting statements he made while in custody and by refusing to grant a

curative instruction or a mistrial when the State published to the jury an unredacted portion of a

video recorded interview the trial court had ordered redacted. We affirm the trial court's judgment.

## BACKGROUND

When Castilla had outstanding warrants for his arrest, several San Antonio Police

Department officers executed those warrants and arrested Castilla at his home. A firearm was later

found in the grass outside the house where Castilla was arrested. At the time of his arrest, Castilla had a prior felony conviction for evading arrest or detention.

Castilla was indicted for "intentionally and knowingly possess[ing] a firearm before the fifth anniversary of [his] release from confinement or release from supervision under community supervision, parole or mandatory supervision, following conviction of [a] felony." Castilla pled not guilty to the charged offense, and the case proceeded to a jury trial. Several officers testified for the State, describing Castilla's arrest at his home, his transport to the police station, and his stationhouse interview. The trial court admitted a video recording of Castilla's interview, during which Castilla stated he purchased a gun "from the streets" to protect his family. The jury found Castilla guilty, the trial court assessed and imposed punishment, and Castilla appealed.

### CUSTODIAL INTERROGATION

After being arrested, but before being transported to the police station for an interview, Castilla made a statement to one of the arresting officers, Barton Borgens, suggesting he had a firearm in his possession at his house just before he was arrested. According to Officer Borgens's testimony at trial, Castilla "made it a point to [say] he wasn't pointing a gun at anybody and had not intended to shoot anybody." Castilla quotes this testimony in his brief and describes his statement as an "implicit confession." Castilla argues that under *Miranda v. Arizona*, 384 U.S. 436 (1966), and Article 38.22 of the Texas Code of Criminal Procedure, the trial court erred by admitting Officer Borgens's testimony that Castilla made the above-quoted statement because he was in custody and had not received any of the required warnings. The State concedes Castilla was in custody, but argues Castilla's statement was not made in response to an "interrogation."

We review a trial court's ruling on a *Miranda*-violation claim under a bifurcated standard. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). We "afford[] almost total deference [to] the trial judge's rulings on questions of historical fact and on application of law to fact

questions that turn upon credibility and demeanor, and [we] review[] *de novo* the trial court's rulings on application of law to fact questions that do not turn upon credibility and demeanor." *Id.* When, as in this case, the trial court has not issued findings of fact, we assume the trial court "implicitly resolved all issues of historical fact and witness credibility in the light most favorable to its ultimate ruling." *State v. Saenz*, 411 S.W.3d 488, 495 n.4 (Tex. Crim. App. 2013). "The decision as to whether custodial questioning constitutes 'interrogation' under *Miranda* is a mixed question of law and fact, and we defer to the trial court's fact findings that turn on an evaluation of credibility and demeanor." *Alford*, 358 S.W.3d at 653.

Under *Miranda*, a defendant's voluntary statement made while in custody may be admissible if the statement was not in response to an "interrogation." *Stevens v. State*, 671 S.W.2d 517, 520 (Tex. Crim. App. 1984). Additionally, Article 38.22 provides conditions under which a defendant's statements are admissible as evidence, but does not preclude the admission "of a statement that does not stem from custodial interrogation." *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5 (West 2005 & Supp. 2017). "[O]ur construction of 'custodial interrogation' for purposes of Article 38.22 is consistent with the meaning of 'custodial interrogation' under [*Miranda*]." *Nguyen v. State*, 292 S.W.3d 671, 678 n.27 (Tex. Crim. App. 2009) (citing *Bass v. State*, 723 S.W.2d 687, 691 (Tex. Crim. App. 1986)). "The State bears no burden to show compliance with *Miranda* or Article 38.22 *unless* and *until* the defendant proves that the statements he wishes to exclude were the product of custodial interrogation." *Hines v. State*, 383 S.W.3d 615, 621 (Tex. App.—San Antonio 2012, pet. ref'd) (internal quotation marks omitted).

Under *Miranda* and Article 38.22, an "interrogation" is express questioning or any words or acts "reasonably likely to elicit an incriminating response." *State v. Cruz*, 461 S.W.3d 531, 536 (Tex. Crim. App. 2015); *Alford*, 358 S.W.3d at 653. To determine whether a suspect is being interrogated, we primarily focus on the perceptions of the suspect rather than the intent of the

police officer. *Alford*, 358 S.W.3d at 653. An officer's knowledge that the suspect is unusually susceptible to a particular form of persuasion may, however, be relevant in determining what the police knew or should have known when asking a question. *Id.* Nevertheless, the mere fact that a suspect is under arrest does not automatically establish the suspect is being interrogated. *See id.*

Officer Borgens testified several officers chased Castilla and, when Castilla "stopped on his own," the officers "tackled him to the ground." He stated that after Castilla was apprehended, his conversation and interactions with Castilla "were cordial." According to Officer Borgens, Castilla "made it a point" to state he purchased the gun to protect his family. When asserting his objection in the trial court, Castilla's trial counsel expressly denied suggesting that Officer Borgens's conversation with Castilla was an "interrogation." On appeal, Castilla does not explain how his statement about the gun was made in response to an interrogation or how any officer's words or actions were reasonably likely to elicit a response that was incriminating. Instead, Castilla emphasizes he was under arrest and argues his statements were incriminating. But the mere fact that Castilla was under arrest in and of itself does not establish he was being interrogated. *See id.*

Officer Borgens's testimony that Castilla "made it a point" to make his statement about the gun, when viewed in a light most favorable to the trial court's ruling, supports an implied finding that Castilla's statement was not made in response to express questioning, words, or acts reasonably likely to elicit an incriminating response. *See id.* We hold Castilla did not satisfy his burden to show his statement was the product of an interrogation. *See Hines*, 383 S.W.3d at 621. Consequently, the State bore no burden to show compliance with *Miranda* or Article 38.22, and the trial court did not err by admitting Officer Borgens's testimony about Castilla's statement. *See id.*

**IMPROPER PUBLICATION OF EXCLUDED EVIDENCE**

Castilla argues the trial court erred by not granting his request for a curative instruction or his motion for mistrial after the State erroneously published to the jury parts of a video recording the trial court had ordered redacted. The video recording showed Castilla's stationhouse interview. During the interview, the interviewing officer questioned him about whether he was going to shoot one of the officers during the incident. At a pretrial hearing, the trial court ordered that this exchange be redacted from the video recording before the State published the video recording to the jury. The State posits it attempted to redact the video recording in accordance with the trial court's order, but this exchange was erroneously left unredacted and was ultimately published to the jury.

After the jury viewed the video recording, Castilla objected, requested exclusion of the evidence, requested an instruction to disregard, and moved for a mistrial. The State responded it intended to redact the exchange, apologized for its "mistake," and stated the defense was partially at fault for not previewing the redacted video recording. The defense stated it had not reviewed the redacted version of the video recording before it was published to the jury. The trial court denied the motion for mistrial, noting the defense was given a three-week continuance during which it could have reviewed the video recording to ensure it was properly redacted.

The State disputes Castilla's assertion that the trial court failed to give a curative instruction. The record shows that after denying Castilla's motion for mistrial, the trial court stated it would likely agree to any other remedy Castilla proposed, including giving a curative instruction and ordering further redaction. The trial court requested Castilla provide a "proposed instruction . . . to give the jury now that the video is fresh on their minds," and stated it would "be more than happy to do that." The trial court then proposed adding a curative instruction in the jury charge. Castilla's trial counsel responded, "We can do that during the [charge] conference, if you

want, Judge." During the charge conference, Castilla's trial counsel referred to the proposed curative instruction and stated, "Yes. Yes, Your Honor, I'm requesting that instruction." The trial court instructed the jury as Castilla requested. The trial court gave the following curative instruction regarding the video recording:

> You are instructed that during the videotape, there is questioning by police officers. The questions that the officers ask are not offered as, nor admitted for, the truth of the matter asserted. That means that what the officers say or ask is admitted for the purpose of assisting you, if it does, to put the matters in context. When the officers are asking questions that assume facts, you are not to consider those questions as truth, but only as part of the interrogation and the context of the interrogation.

Because the record shows the trial court gave the jury a curative instruction regarding the erroneously published parts of the video recording, we cannot say the trial court erred by denying Castilla's request for a curative instruction.

Castilla also argues the trial court erred by denying his motion for mistrial. We must uphold a trial court's denial of a motion for mistrial unless the denial constitutes an abuse of discretion or, in other words, is outside the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). "Mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable errors." *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A mistrial is required only when misconduct "is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Id.*

The trial court gave a curative instruction regarding the video recording. The instruction was requested by Castilla's trial counsel for the express purpose of remedying the improper publication of parts of the video recording. We presume the jury followed this curative instruction. *See Sanders v. State*, 448 S.W.3d 546, 549 (Tex. App.—San Antonio 2014, no pet.); *cf. Wood*, 18 S.W.3d at 648 (holding that when a prosecutor asks an improper question, a mistrial is often not

necessary because, in most cases, any harm can be cured by an instruction to disregard). Although Castilla complains the trial court erred by faulting defense counsel for not ensuring the video recording was properly redacted, we cannot say the impressions produced by the improperly published statements are so highly prejudicial that the curative instruction did not cure any potential harm resulting from the police officer's questions. *See Wood*, 18 S.W.3d at 648. The trial court's conclusion that a mistrial was inappropriate is not outside the zone of reasonable disagreement. *See id.* We therefore hold the trial court did not abuse its discretion by denying Castilla's motion for mistrial. *See Coble*, 330 S.W.3d at 292.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH