

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00294-CR

Michael Lemone **ROBERTS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 14, Bexar County, Texas
Trial Court No. 526617
Honorable Susan Elizabeth Skinner, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: May 15, 2019

AFFIRMED

Michael Lemone Roberts was convicted by a jury of driving while intoxicated and sentenced by the trial court to six months in jail probated for eighteen months. On appeal, Roberts asserts the trial court erred in denying his motion to suppress. Roberts also asserts the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment.

## BACKGROUND

Seconds after a car accident involving a car and a truck, Roberts was seen walking and then running away from the scene. Residents in the neighborhood chased Roberts as he ran from the scene.

Based on information regarding the direction in which Roberts fled, Investigator Melanie Bowser drove to a baseball field about three or four blocks from the accident scene and observed Roberts walking next to the field. When Investigator Bowser activated her lights, Roberts ran into a wooded area. With the assistance of a flashlight, Investigator Bowser located Roberts lying on his stomach in the tree line. Investigator Bower pointed her gun at Roberts and ordered him to crawl out. Roberts initially stated he was "not going anywhere" before eventually crawling out. Investigator Bowser immediately smelled a strong odor of alcohol emitting from Roberts. Investigator Bowser handcuffed Roberts and assisted him to his feet. Investigator Bowser observed that Roberts was too unsteady to stand without leaning on her patrol car for support.

Investigator Bowser asked Roberts if he was involved in an accident, which Roberts denied. Roberts also refused to perform field sobriety tests or to provide a breath or blood specimen. Investigator Bowser arrested Roberts and returned with him to the accident scene. Investigator Bowser conducted a field identification and stated a witness at the scene identified Roberts as the person who fled the accident scene. Investigator Bowser did not know the identity of the witness.

Investigator Bowser obtained a search warrant to draw a specimen of Roberts's blood. Subsequent testing revealed Roberts's blood alcohol content was 0.134.

The trial court denied Roberts's motion to suppress, and a jury found him guilty of driving while intoxicated. Roberts appeals.

**REASONABLE SUSPICION/PROBABLE CAUSE**

In his first two issues, Roberts asserts the trial court erred in denying his motion to suppress all evidence obtained as a result of his illegal arrest. Roberts argues Investigator Bowser lacked reasonable suspicion to detain him or probable cause to arrest him. Specifically, Roberts argues none of the witnesses at the accident scene saw Roberts driving the car involved in the accident.

A.      Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). Because the trial judge is the sole judge of credibility of witnesses and the weight to be given to their testimony at a suppression hearing, we afford almost complete deference to the trial court's determination of the historical facts. *Id*. at 190. "However, whether the facts, as determined by the trial court, add up to reasonable suspicion or probable cause is a question to be reviewed *de novo*." *State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017).

B.      Applicable Law

"[A]n investigative detention occurs when a person yields to [a] police officer's show of authority under a reasonable belief that he is not free to leave." *Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010). "Reasonable suspicion to detain a person exists when a police officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Furr v. State*, 499 S.W.3d 872, 878 (Tex. Crim. App. 2016) (internal quotation omitted).

"Probable cause [to arrest] exists where the facts and circumstances known to law enforcement officers are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Marcopoulos v. State*, 538 S.W.3d 596,

599–600 (Tex. Crim. App. 2017) (internal quotation omitted). We must consider the totality of the circumstances known to the officer in determining the existence of probable cause. *Id*. at 600.

C.     Analysis

As previously noted, Roberts argues Investigator Bowser did not have reasonable suspicion or probable cause because none of the witnesses at the accident scene saw him driving the car involved in the accident. In evaluating whether "reasonable suspicion" exists however, we are permitted to consider rational inferences from the specific, articulable facts. *Furr*, 499 S.W.3d at 878. Furthermore, in evaluating probable cause, we consider the totality of the circumstances. *Marcopoulos*, 538 S.W.3d at 599–600.

Here, the testimony presented at the suppression hearing established Richard Reyna saw Roberts eight to ten feet from the car just seconds after the accident, and the car's driver's side door was open. Reyna was one of the people who chased Roberts when he started running from the scene after an onlooker yelled at Roberts not to run. Reyna testified regarding the path of the chase and saw Roberts being arrested. Reyna walked to the location where Roberts was arrested and told the police Roberts was the man he was chasing. *See State v. Martinez*, No. PD-0324-17, 2019 WL 137754, at *4 (Tex. Crim. App. Jan. 9, 2019) (holding sum of information known to cooperating officers should be considered in assessing probable cause). Investigator Bowser found Roberts at a location in the direction where a bystander saw him run. Investigator Bowser smelled a strong odor of alcohol immediately upon encountering Roberts, who had red, bloodshot eyes and was unsteady on his feet. Finally, Roberts refused to perform field sobriety tests. *See State v. Garrett*, 22 S.W.3d 650, 655 (Tex. App.—Austin 2000, no pet.) ("While we regard absent factors as a part of the totality of the circumstances, they are only a part, and where many of the missing factors are due to a defendant's conduct, we believe that the officers could reasonably consider that conduct as part of the totality of the circumstances."). Given the totality of the circumstances

and the reasonable inferences that can be drawn from the facts, we hold the trial court did not abuse its discretion in finding Investigator Bowser had reasonable suspicion to detain Roberts and probable cause to arrest him.

Roberts's first and second issues are overruled.

### CUSTODIAL INTERROGATION

In his third issue, Roberts contends the trial court should have suppressed statements he made after Investigator Bowser ordered him out of the woods at gunpoint. Roberts asserts the statements were made as a result of custodial interrogation, and he had not been given his *Miranda* rights. We apply the same standard of review detailed above in reviewing this issue.

A.    Applicable Law

"A person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Hines v. State*, 383 S.W.3d 615, 621 (Tex. App.—San Antonio 2012, pet. ref'd) (internal quotation omitted). The Texas Court of Criminal Appeals has outlined four situations that may constitute custody: "(1) when a suspect is physically deprived of his freedom of action in any significant way; (2) when a police officer tells a suspect he cannot leave; (3) when a police officer creates a situation that would lead a reasonable person to believe his freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest and a police officer does not tell a suspect he is free to leave." *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996). In the first, second, and third situations, the restrictions upon the suspect's freedom of movement must rise to the degree associated with an arrest as opposed to an investigative detention. *Id*.

Statements made by a suspect during a custodial interrogation are inadmissible unless certain warnings were given to the suspect before he made those statements. *Miranda v. Arizona*,

384 U.S. 436, 444 (1966). A defendant has the burden to establish he was in custody before the State bears the burden to show compliance with *Miranda*. *Hines*, 383 S.W.3d 621.

Although a person who has been handcuffed has been detained, there is no bright-line rule that handcuffing a suspect always constitutes an arrest. *State v. Sheppard*, 271 S.W.3d 281, 283 (Tex. Crim. App. 2008); *Campbell v. State*, 325 S.W.3d 223, 234 (Tex. App.—Fort Worth 2010, no pet.). Handcuffing a suspect during an investigative detention may be appropriate "when reasonably necessary to effect the goal of the detention: investigation, maintenance of the status quo, or officer safety." *Campbell*, 325 S.W.3d at 234. Other factors that bear on the issue of whether a particular seizure is an arrest or merely an investigative detention are "[t]he nature of the crime under investigation, the degree of suspicion, the location of the stop, the time of day, and the reaction of the suspect." *Id.* "It is also important to consider whether the officer actually conducts an investigation after seizing the suspect—that is, whether the officer briefly questions the suspect about his identity, *his reason for being in the area*, or similar reasonable inquiries of a truly investigatory nature." *Id*. (emphasis added).

Custodial interrogation is defined as questioning initiated by law enforcement. *Lam v. State*, 25 S.W.3d 233, 239 (Tex. App.—San Antonio 2000, no pet.); *see also Griffith v. State*, 55 S.W.3d 598, 603 (Tex. Crim. App. 2001) ("Questions normally accompanying the processing of a D.W.I. arrestee do not constitute interrogation. ... 'In the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda*.'") (quoting *South Dakota v. Neville*, 469 U.S. 553, 564 n.15 (1983)) Spontaneous statements that are not in response to questioning are not the product of custodial interrogation. *See Dossett v. State*, 216 S.W.3d 7, 24 (Tex. App.—San Antonio 2006, pet. ref'd).

B.    Analysis

In this case, Roberts ran from Investigator Bowser when she activated her lights and hid in a wooded area requiring Investigator Bowser to use her flashlight to locate him.  Given the time of day, the darkness of the area, and Roberts's efforts to evade Investigator Bowser, Investigator Bowser's use of her handgun to order Roberts from the wooded area, and her use of handcuffs to detain him were both reasonably necessary to effect the goal of the detention.  *Campbell*, 325 S.W.3d at 234.

Roberts's statement that he was "not going anywhere" was in response to a command by Investigator Bowser to crawl out from the wooded area, not in response to questioning by Investigator Bowser.  Accordingly, the statement was not in response to custodial interrogation.

Roberts's second statement regarding his not being involved in an accident was made as Investigator Bowser conducted her investigation after detaining him.  Her questions related to his reason for being in the area, a request to submit to field sobriety tests, and a request to provide a blood or breath specimen, which are reasonable inquiries of a truly investigatory nature.  *See id*. Because we hold Investigator Bowser's questioning was of a truly investigatory nature to effect the goal of the detention, we hold Roberts's statement that he was not involved in an accident was not the result of custodial interrogation.

Roberts's third issue is overruled.

SUFFICIENCY

In his fourth issue, Roberts contends the evidence is legally insufficient to support his conviction.  Specifically, Roberts asserts the record contains no evidence establishing he drove the car while intoxicated prior to the accident.

A.      Standard of Review

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard requires us to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. "We may not re-weigh the evidence or substitute our judgment for that of the factfinder." *Zuniga v. State*, 551 S.W.3d 728, 732 (Tex. Crim. App. 2018).

"Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id*. at 733. Additionally, "juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial." *Id*. "[A] inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007).

B.      Analysis

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a). The two elements of the offense challenged by Roberts in his brief are whether the evidence is sufficient to prove: (1) he was driving the car that was involved in the accident; and (2) he was intoxicated while driving the car.

With regard to the evidence establishing Roberts was driving the car, Reyna testified he heard the accident and arrived at the scene within five seconds. Upon arriving at the scene, he saw

the driver's side door to the car was open, and Roberts was about eight feet from the car. Roberts was initially walking away from the car but began running when onlookers at the scene yelled at him not to run. The jury also heard a 911 call from Horando[1] Vasquez. Vasquez told the 911 operator that he heard the accident, ran out, and starting chasing the man who ran away because "they" said that he was the driver. Finally, the evidence established Roberts was the owner of the car. From this evidence, the jury could draw a reasonable inference that Roberts was driving the car. *See Hernandez v. State*, 13 S.W.3d 78, 80–81 (Tex. App.—Texarkana 2000, no pet.) (rejecting argument that evidence was insufficient to establish appellant was driver of pickup truck involved in an accident because he "was placed by witnesses, immediately after the accident, on the driver's side of a pickup truck which belonged to him").

With regard to the evidence establishing Roberts was intoxicated while driving the car, Investigator Bowser smelled a strong odor of alcohol immediately upon encountering Roberts which was within one to two minutes after she was pointed in the direction he had fled. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007) (noting "factfinder may draw an inference of guilt from the circumstance of flight"). She also observed he had red, bloodshot eyes and was so unsteady that he had to use the patrol car to support himself. Finally, the evidence established Roberts's blood alcohol concentration was 0.134 at the time of the blood draw. Although Roberts contends the testimony that he was unsteady on his feet is inconsistent with his ability to run away from the accident scene, we may not reweigh the evidence. *See Zuniga*, 551 S.W.3d at 732. Accordingly, based on the foregoing evidence, the jury could infer Roberts was intoxicated when he was driving the car.

Roberts's fourth issue is overruled.

---

[1] The first name is spelled based on the manner in which it is pronounced on the tape from the 911 call.

## CONCLUSION

The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH