

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00875-CR

Justin Henry **SOWERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR7493
Honorable Maria Teresa Herr, Judge Presiding[1]

Opinion by:  Beth Watkins, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: September 16, 2020

AFFIRMED

Appellant Justin Henry Sowers appeals his conviction for evading arrest.  In two issues, Sowers argues: (1) the trial court erred in denying his motion to suppress and (2) the evidence is legally insufficient to support his conviction.  We affirm the trial court's judgment.

### BACKGROUND

San Antonio Police Officers Joel Freeman and Travis Hazelton were on uniform bike patrol in downtown San Antonio when they observed Sowers holding what appeared to be an open

---

[1] Senior Judge, sitting by assignment.

alcoholic beverage.  Believing he was violating a municipal ordinance prohibiting the possession of an open container of alcohol in the central business district, the officers approached Sowers and asked to see his identification.  Sowers put down the glass bottle and "took off running."  The officers pursued Sowers for more than two blocks, calling out to him to stop.  The officers chased Sowers to an unlit parking lot where they found him hiding on the ground between cars.

The State charged Sowers with evading arrest—a state jail felony because he was previously convicted of evading arrest or detention.  After Sowers pled not guilty, he filed a pretrial motion to suppress, arguing the officers lacked reasonable suspicion to stop him and seeking to suppress all evidence obtained after his detention.  At a bench trial, the court heard testimony from both officers as well as a fingerprint examiner who presented evidence of Sowers's previous conviction.  After Officer Freeman testified, Sowers urged his motion to suppress, which the court denied.  The court found Sowers guilty and sentenced him to five years' incarceration; it did not enter findings of fact.  Sowers now appeals.

## ANALYSIS

### *Motion to Suppress*

In his first issue, Sowers argues the trial court erred in denying his motion to suppress because the officers lacked reasonable suspicion to lawfully detain him.  According to Sowers, the officers did not provide specific articulable facts that would have led them to reasonably believe he possessed an open container in the central business district.  The State argues the officers had reasonable suspicion to detain Sowers because they saw him trying to hide an open beer bottle while walking downtown.

### *Standard of Review*

We review a trial court's denial of a motion to suppress under a bifurcated standard of review.  *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).  We review the trial

court's factual findings for abuse of discretion but review the trial court's application of law to the facts de novo. *Id.* Under this standard, "we afford almost total deference" to the trial judge's determination of historical facts because she is the sole trier of fact and judge of the witnesses' credibility and weight to be given to their testimony. *Id.* When, as here, findings of fact are not entered, we must view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Id.* (internal quotations omitted).

*Applicable Law*

An investigative detention that amounts to less than a full-blown custodial arrest is a Fourth Amendment seizure that must be justified by reasonable suspicion. *Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016). Reasonable suspicion exists when an officer has "specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). This objective standard disregards the actual subjective intent of the arresting officer and looks instead to whether there was an objectively justifiable basis for the detention. *Leming*, 493 S.W.3d at 562. This standard also utilizes a totality of the circumstances approach, and an investigative detention is justified if circumstances, which may seem innocent in isolation, combine to reasonably suggest the imminence of criminal conduct. *Id.* Reasonable suspicion is satisfied when an officer provides sufficiently detailed and reliable information to "suggest that *something* of an apparently criminal nature is brewing." *Derichsweiler v. State*, 348 S.W.3d 906, 917 (Tex. Crim. App. 2011) (emphasis in original). An officer's training or experience, combined with permissible deductions based on objective facts, may provide reasonable suspicion to justify a detention. *See Ford v. State*, 158 S.W.3d 488, 494 (Tex. Crim. App. 2005).

*Application*

A person violates San Antonio ordinance section 4-4(b) if he possesses an open container of alcohol within San Antonio's central business district. San Antonio, Tex., San Antonio City Code, ch. 4, § 4-4(b) (2020). At trial, Officer Freeman testified that while he was on bike patrol with Officer Hazelton, he saw a group of people approaching from the opposite side of the intersection of Commerce and Navarro streets. Sowers was walking behind the group and holding "what appeared to be an alcoholic beverage" in front of his chest like he had been drinking from it. Officer Freeman described the beverage as either a 25 or 40–ounce glass bottle. Officer Freeman testified that when Sowers saw the officers, he tried to blend in with the group in front of him, fixated his gaze on the officers, and "immediately move[d] in an exaggerated manner to try to hide what he had in his hand." Officer Freeman testified that Sowers "was either trying to hide [the bottle] under his coat or behind his back," making him suspicious about what Sowers was holding. Officer Freeman explained that as a bike patrol officer, he spent much of his time watching people and was trained to look for "[m]ovements such as this in such a large crowd." He further testified that when Sowers crossed the intersection, he saw Sowers holding an open glass bottle. Officer Freeman stated that he and Officer Hazelton then approached Sowers because they believed he illegally possessed an open container of alcohol in the central business district.

Sowers first argues Officer Freeman lacked reasonable suspicion because he could not identify the substance in the glass bottle Sowers was holding before initiating the stop. We disagree. The relevant inquiry is not whether Officer Freeman actually knew that Sowers was holding an open container of alcohol, but whether Officer Freeman possessed enough information to reasonably believe Sowers was engaging in criminal activity at the time of the stop. *See Derichsweiler*, 348 S.W.3d at 914 (pointing out that a detaining officer need not be personally aware of every fact when initiating a detention). Here, Officer Freeman testified that once Sowers

saw him and Officer Hazelton, Sowers fixated his stare on the officers while attempting to hide an open glass bottle behind his back or under his coat. When considering the totality of the circumstances, we conclude the trial court acted within its discretion in concluding Officer Freeman articulated sufficiently detailed and reliable information to suggest Sowers possessed an open container of alcohol. *See Leming*, 493 S.W.3d at 562; *Derichsweiler*, 348 S.W.3d at 916–17.

Sowers also argues the officers lacked reasonable suspicion because neither officer testified they stopped Sowers in the central business district. However, Sowers did not assert this argument at trial, and it is therefore not preserved for review. *See Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (stating appellant's issue on appeal must comport with the ground for suppression raised in the trial court). Nevertheless, in the interest of justice, and because it affects our analysis of Sowers's second issue, we will address this argument. We note that both officers testified they stopped Sowers at the intersection of Navarro and Commerce streets. Because there is no dispute where the officers stopped Sowers, we take judicial notice that the intersection of Navarro and Commerce streets is located in the central business district of San Antonio as defined by section 4-4(a)(1) of that ordinance. *See* Tex. R. Evid. 201(b), (c), (d); San Antonio, Tex., San Antonio City Code, ch. 4, § 4-4(a)(1). Accordingly, we conclude the trial court did not err in denying Sowers's motion to suppress.

### *Legal Sufficiency*

In his second issue, Sowers argues the evidence is legally insufficient to support his evading arrest conviction because there is no evidence he was lawfully detained by the officers. We disagree.

*Standard of Review*

When reviewing the legal sufficiency of the evidence, we review the evidence in the light most favorable to the conviction and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses, and juries may draw multiple reasonable inferences from the facts so long as each is supported by the evidence presented at trial." *Id.* "Because the jury is the sole judge of witness credibility and determines the weight to be given to testimony," we must defer to its determinations. *Hines v. State*, 383 S.W.3d 615, 623 (Tex. App.—San Antonio 2012, pet. ref'd). "If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm the trial court's judgment." *Hernandez v. State*, 198 S.W.3d 257, 260 (Tex. App.—San Antonio 2006, pet. ref'd).

*Applicable Law*

A person commits the offense of evading arrest if he intentionally flees from a person he knows is a peace officer lawfully attempting to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a). The lawfulness of the attempted detention is an element of the offense that must be proven by the State. *Guillory v. State*, 99 S.W.3d 735, 741 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

*Application*

Here, Sowers only challenges the legal sufficiency of the lawfulness of the officers' detention. We have already determined the officers lawfully detained Sowers because they had reasonable suspicion to initiate the stop. *See Leming*, 493 S.W.3d at 562; *Derichsweiler*, 348 S.W.3d at 916–17. As a result, we further conclude the evidence is legally sufficient to support

the only element of the evading arrest conviction that Sowers challenges. *See* TEX. PENAL CODE § 38.04(a). We therefore overrule Sowers's second issue.

## CONCLUSION

Because we conclude the officers had reasonable suspicion to detain Sowers and the evidence is legally sufficient to support Sowers's evading arrest conviction, we affirm the trial court's judgment.

Beth Watkins, Justice

Do Not Publish