

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00336-CR

Darius Noel **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR6014B
Honorable Frank J. Castro, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed:  August 1, 2018

AFFIRMED

Appellant Darius Noel Rodriguez was found guilty by a Bexar County jury of intentionally and knowingly causing bodily injury to J.H., a child of fourteen years of age or younger, a third-degree felony.  *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2018).  The trial court subsequently assessed punishment at seven-years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  Rodriguez raises two issues on appeal: (1) he received ineffective assistance of counsel; and (2) the trial court erred in denying his motion for directed verdict.  We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 10, 2015, Universal City Police Officer David Allen was dispatched for a welfare check on J.H., a three-year-old child. Officer Allen met briefly with Laura,[1] J.H.'s maternal-grandmother, and Crystal, J.H.'s maternal-aunt, regarding their concerns of physical abuse—specifically spankings that left marks on J.H.'s body and "a burn mark on his torso."

J.H. was living with his mother, Jessica, and her boyfriend, Rodriguez. When Officer Allen arrived at the apartment shared by Jessica and Rodriguez, the officer explained his presence. Jessica and Rodriguez voluntarily allowed the officer into the apartment. When J.H. came into the room, Officer Allen noted the front of J.H.'s pants were wet and smelled of urine. With Jessica present, Officer Allen asked J.H. to remove his clothes so that Officer Allen could see if J.H. had any injuries. The officer noted a burn on the left side of the child's abdomen, superficial scratches on his nose, ear, and tricep, and a bruise on the back of his leg.

J.H. openly communicated with Officer Allen and clearly articulated how each of the injuries occurred. When Officer Allen inquired about the burn mark, J.H. said, "He hurt me," while simultaneously "rais[ing] his hand and point[ing] at Rodriguez." When the officer asked further, J.H. told Officer Allen, "Darius burned me." J.H. also told Officer Allen that the bruise on the back of his leg was from Darius stepping on him. J.H. explained the scratches and scrapes, however, came from playing at daycare.

Based on J.H.'s visible injuries, and the statements made by the child, Officer Allen contacted EMS to conduct "an overall check-up" of J.H. and verify there were no "underlying internal injuries." Jessica and Rodriguez were arrested and J.H. was placed in the custody of his maternal-grandmother.

---

[1] For purposes of this opinion, in order to protect the identity of the minor child, we refer to the minor child by his initials and several of the adult witnesses by their first names only.

Rodriguez was subsequently charged by indictment with intentionally and knowingly causing bodily injury to J.H., a child of fourteen years of age or younger, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2018). The matter was called for trial on March 27, 2017. After the State rested its case-in-chief, the trial court denied defense counsel's motion for directed verdict. The jury subsequently found Rodriguez guilty of the charged offense.

The punishment hearing was heard on April 25, 2017. The trial court heard from several witnesses and reviewed the presentence investigation report. Rodriguez was sentenced to seven-years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

We turn first to Rodriguez's contention the trial court erred in denying his motion for directed verdict.

## DIRECTED VERDICT

### A.  Standard of Review

An appellate court reviews a challenge to a trial court's denial of a motion for directed verdict under the same standard we use to review a legal sufficiency challenge. *Hines v. State*, 383 S.W.3d 615, 623 (Tex. App.—San Antonio 2012, pet. ref'd); *Sony v. State*, 307 S.W.3d 348, 353 (Tex. App.—San Antonio 2009, no pet.) (citing *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996)). "Under the legal sufficiency standard, we must review all of the evidence in the light most favorable to the verdict to decide whether . . . a rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Hines*, 383 S.W.3d at 623; *see also Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given to testimony, and we must defer to its determinations. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Hines*, 383 S.W.3d at 623. The jury may choose to accept or reject all or part of the testimony, and we must resolve

any conflicts or inconsistencies in the evidence in favor of the jury's verdict. *See Brooks*, 323 S.W.3d at 899; *Hines*, 383 S.W.3d at 623.

We review circumstantial and direct evidence in the same manner, and circumstantial evidence alone can be sufficient to establish a defendant's guilt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (citing *Hooper*, 214 S.W.3d at 13); *Hines*, 383 S.W.3d at 623; *see also Thomas v. State*, 352 S.W.3d 95, 99 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). After reviewing the evidence in the light most favorable to the verdict, we will uphold the verdict "unless a rational factfinder must have had reasonable doubt as to any essential element." *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *Hines*, 383 S.W.3d at 623.

## B.    Arguments of the Parties

Rodriguez contends there was no evidence the injuries occurred on a specific date, that Rodriguez was the individual that caused the injuries, or the specific manner and means of the offense.

The State counters the indictment requires the State's proof be based on the "on or about" date as alleged in the indictment, and the testimony of J.H. is sufficient to support the jury's verdict.

## C.    Injury to a Child

A person commits injury to a child if he intentionally or knowingly causes bodily injury to a child under the age of fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (c)(1). Bodily injury means physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2018). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). Moreover, a jury is free to use common intelligence to deduce whether a victim suffered such pain from the act involved. *Id.* (stating that a "fact finder may infer that a victim actually felt or suffered physical

pain because people of common intelligence understand pain and some of the natural causes of it.").

**D.     Analysis**

*1.      Lack of Specific Date*

"It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sanchez v. State*, 400 S.W.3d 595, 600 (Tex. Crim. App. 2013) (quoting *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997)). Here, the indictment was returned on June 8, 2015. The statute of limitations for injury to a child under section 22.04 is ten years from the victim's eighteenth birthday. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(6)(B) (West Supp. 2017). We, therefore, conclude the record contains sufficient evidence that Rodriguez committed the alleged offense before the presentment of the indictment and within the ten-year statute of limitations for the offense charged in the indictment. We overrule Rodriguez's argument the trial court erred in denying his motion for directed verdict because the State failed to prove a specific date on which the injury occurred.

*2.      Sufficient Evidence of Remaining Factors*

The jury heard from several different witnesses. Officer Allen testified that J.H.'s grandmother and aunt expressed concerns about visible injuries on J.H. and when Officer Allen located the child, the injuries were consistent with those reported by the grandmother and the aunt. The officer also testified that when he talked to J.H., the child unequivocally stated that "Darius" hurt him, that "Darius" burned him, and that "Darius" stepped on his leg. Officer Allen further testified that J.H. differentiated between injuries caused by Rodriguez, i.e. the burn marks and bruise, and the injuries he received at daycare, i.e. the scratches.

J.H. was six-years-old at the time of the trial. During his direct examination, he testified that he calls the aunt and uncle with whom he was living "mom" and "dad," and he refers to his biological mother as "Jessica." J.H. testified that Darius burned him with "a lighter" on his finger and his "tummy." He remembers crying when he was burned on his tummy. J.H. also testified that both Darius and Jessica would spank him with a belt and the buckle would leave marks.

Most of the defense strategy fell into one of two categories: (1) J.H. originally claimed the mark was a spider bite; and (2) the on-going conflict between Jessica and J.H.'s grandmother. The defense relied on several areas of testimony. First, there was some evidence J.H. may have said the mark on his torso was a "spider bite" and that he was bitten well before Jessica started dating Rodriguez. Although defense counsel questioned the State's witnesses regarding the alleged spider bite theory, the witnesses all testified the injury was a burn. Dr. Brian Villarreal, from Little Spurs Pediatric Clinic, and Dr. Sarah Northrop, from the Children's Hospital of San Antonio, both examined J.H. and concluded that, based on their experience and training, the injury was consistent with a burn that was in the healing process. Dr. Northrop opined it was more consistent with a contact burn or flame than an electrocution or hot water burn. Additionally, both doctors testified the burn would have been very painful to the child at the time of the injury. Consistent with Dr. Northrop's opinion that the burn was consistent with a flame burn, J.H.'s grandmother testified that she witnessed Darius chase J.H. with a lighter and burn his finger prior to the day on which his torso was burned.

The second area of testimony on which the defense focuses is the apparent conflict between Jessica and her mother, J.H.'s grandmother. Much of the cross-examination focused on the grandmother's desire to break-up the relationship between Jessica and Rodriguez and to remove J.H. from Jessica's custody. Jessica testified J.H.'s grandmother never approved of Rodriguez and told the child lies about her and Rodriguez.

Deferring to the factfinder's resolution of conflicts in the testimony and assessment of credibility of the witnesses, we conclude the trial court could reasonably conclude there was sufficient evidence to support that Rodriguez intentionally and knowingly caused bodily injury to J.H. by burning him. *See Brooks*, 323 S.W.3d at 899; *see also Gonzales v. State*, 330 S.W.3d 691, 694 (Tex. App.—San Antonio 2010, no pet.) (resolving conflicts in testimony). We further conclude that, although J.H. did not identify Rodriguez in the courtroom on the day of trial, he (1) identified him to the officer in the apartment on the day Rodriguez was arrested and (2) identified him as the man living with him and Jessica in the apartment at the time of the incident. J.H. was three-years-old the last time he saw Rodriguez; yet, the record indicates J.H. was still fearful of Rodriguez. Considering the necessary inferences, based on the direct and circumstantial evidence viewed in the light most favorable to the trial court's findings, we conclude the trial court could reasonably find the State presented sufficient evidence to support that Rodriguez was the individual named in the indictment and that he caused the injury to J.H. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (holding standard of review is same for both direct and circumstantial cases).

Accordingly, we conclude the trial court did not err in denying the motion for directed verdict and we overrule Rodriguez's first issue on appeal.

In his second issue, Rodriguez argues that because his defense counsel's performance was deficient, he was denied his Sixth Amendment right to effective assistance of counsel.

INEFFECTIVE ASSISTANCE OF COUNSEL

A. **Standard of Review**

To determine whether defense counsel's representation was ineffective, the United States Supreme Court set out a two-prong test: (1) "[t]he defendant must show that counsel's performance was deficient" and (2) "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *accord Ex parte Moore*, 395 S.W.3d 152, 157–58 (Tex. Crim. App. 2013); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). To establish the first prong, deficient performance, Rodriguez must prove that defense counsel's performance "'fell below an objective standard of reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 687–88). To establish harm, Rodriguez "must demonstrate that he was prejudiced by his attorney's performance or that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 158 (quoting *Strickland*, 466 U.S. at 694).

Appellate courts are tasked to view matters "from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012); *accord Ex parte Overton*, 444 S.W.3d 632, 640 (Tex. Crim. App. 2014). We are also "highly deferential" toward defense counsel's actions and we "presum[e] that counsel's actions fell within the wide range of what is considered reasonable and professional assistance." *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) (citing *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)).

"While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the Strickland prong on its own." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *see also Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (explaining appellate courts are "especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct"). Acknowledging that "a single egregious error of omission or commission"

can constitute ineffective assistance of counsel, we nevertheless recognize that "the allegation[s] of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813 (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

**B.    Analysis**

Rodriguez argues his defense counsel committed a plethora of acts or omissions at trial that fell below an objective standard of reasonableness. We address each alleged act or omission separately.

*1.    Failure to File Pretrial Motions*

Rodriguez contends defense counsel failed to file any pretrial motions limiting: (1) the State from presenting testimony asserting prior bad acts committed by Rodriguez; (2) the State from presenting any expert testimony in light of the State's failure to designate expert testimony; and (3) the State's expert from providing speculative expert testimony. Specifically, Rodriguez points to the testimony of Laura regarding prior bad acts of Rodriguez and Dr. Northrop's expert testimony.

Defense counsel's failure to file a pretrial motion is not categorically ineffective assistance of counsel because counsel "need not perform a useless or futile act." *Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) (orig. proceeding); *see also Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991). Rodriguez must show that the pretrial motion defense counsel should have allegedly filed had merit and that a ruling on the pretrial motion would have changed the outcome of the case. Absent such showing, he fails to establish both prongs of the *Strickland* standard.

The record reflects the State provided Rodriguez with copies of the medical records from the Center for Miracles, including the records of Dr. Northrop, prior to trial. These notes included

the substance of Dr. Northrop's testimony, and the allegations of Rodriguez's prior bad acts—including chasing J.H. with a lighter. The State also provided copies of multiple police reports and witness statements. Because the evidence was available to both Rodriguez and his counsel, Rodriguez failed to show that defense counsel's failure to file pretrial motions resulted in defense counsel's inability to prepare for trial. Rodriguez also failed to establish that the lack of pretrial motions about which he complains would have produced any evidence of which defense counsel was not aware, and or disclosed by the State, prior to trial that would have successfully challenged the State's evidence or affected the trial court's ruling on the admissibility of the complained of evidence. *See Roberson v. State*, 852 S.W.2d 508, 511 (Tex. Crim. App. 1993) (stating that ineffective assistance of counsel is not shown when "there is no showing that a ruling on any of the pretrial motions would have changed anything in the case"). Because Rodriguez failed to prove any alleged pretrial motion would have been granted, we overrule his claims for ineffective assistance of counsel for failure to file pretrial motions. *See Straight v. State*, 515 S.W.3d 553, 565 (Tex. Crim. App. 2017) (citing *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998)).

    2.      *Failure to Strike Two Venire Jurors Clearly Prejudicial to the Defense*

Rodriguez contends defense counsel's allowing venire number seven, who specifically refused to state that he could follow the law, and venire number sixty-seven, a sexual assault nurse examiner, who works with abused children and was "friends with the prosecutor" was ineffective assistance of counsel.

Review is highly deferential, and a silent record as to why counsel took or failed to take the actions complained of will not support an ineffective assistance claim unless the record affirmatively demonstrates counsel's performance was "so outrageous that no competent attorney would have engaged in it." *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012)

(quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Without any testimony from trial counsel, "[w]e must presume defense counsel had a plausible reason for his actions" and that he acted within the range of reasonable professional assistance. *See Martin v. State*, 265 S.W.3d 435, 437 (Tex. App.— Houston [1st Dist.] 2007, no pet.). Rodriguez therefore failed to meet his burden under *Strickland*'s first prong. *See Goodspeed*, 187 S.W.3d at 392.

### 3. Lack of Preparation for Trial

Rodriguez argues that defense counsel's failure to view the video recording of Officer Allen's body camera footage prior to the start of trial was, without more, ineffective assistance. Because Rodriguez failed to provide argument or authority as to why the evidence was either inadmissible or prejudicial, we cannot conclude the admission of the evidence constituted error under *Strickland*. Without more, including citation to the record or to authority, we conclude that these arguments are inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

### 4. Failure to Object to Prior Extraneous Offense

Rodriguez next contends that J.H.'s maternal grandmother's testimony—that she saw Rodriguez burn J.H.'s finger with a lighter on a previous occasion—was not a charged event, was inadmissible, and was an unadjudicated prior offense.

The defense theory throughout trial was that J.H. originally alleged the injury on his torso was a spider bite. Many of the cross-examination questions focused on whether the injury was a burn mark or the remnants of a spider bite. In question was the child's grandmother testifying that Rodriguez previously chased J.H. with a lighter and burned him on his finger. Texas Rule of Evidence 404(b) allows for the admission of extraneous acts to show intent, a common plan, or absence of mistake. *See* TEX. R. EVID. 404(b). Because the State sought to admit the evidence (1) to show Rodriguez did not "accidentally" burn J.H. on his torso on this occasion, and (2) to rebut

the assertion the "burn mark" was actually a spider bite, the evidence was properly admissible under Rule 404(b). *See* TEX. R. EVID. 404(b); *see also Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) ("To show ineffective assistance of counsel for the failure to object during trial, the applicant must show that the trial judge would have committed error in overruling the objection.").

Because the evidence was properly admissible under the Texas Rules of Evidence, Rodriguez failed to prove the first prong of *Strickland*. *See Goodspeed*, 187 S.W.3d at 392.

5.      *Failure to Object to Hearsay Contained within the Medical Records*

Rodriguez next contends defense counsel was ineffective in allowing the medical records to be admitted in their entirety, including statements of third parties that included drug usage and sex acts, which Rodriguez argues contained no possible value in the medical diagnosis or J.H.'s injuries, and should have been redacted.

Texas Rule of Evidence 803(4) provides that statements made for medical diagnosis are exceptions to the hearsay rule, regardless of whether the declarant is available. *See* TEX. R. EVID. 803(4) ("A statement that is made for—and is reasonably pertinent to—medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause."). The records about which Rodriguez complains were part of the medical records, but they presumably did not involve J.H.'s medical diagnosis or treatment. Rodriguez, however, has not developed a record showing why defense counsel did not object to any of this evidence. We, therefore, cannot determine whether Rodriguez's complaints are grounded in sound trial strategy because the record is silent as to defense counsel's rationale. *See Thompson*, 9 S.W.3d at 814 (failing to show in the record why trial counsel failed to object to hearsay statements and thus failed to overcome presumption of reasonableness); *Wert v. State*, 383 S.W.3d 747, 758 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("The record is silent as to why counsel did not

- 12 -

make these objections, and we may not speculate on this issue."). Accordingly, we cannot conclude that the failure to assert hearsay objections was conduct "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. Here, Rodriguez failed to meet *Strickland*'s first prong.

> 6. *Failed to Object to Witness Testimony that was Speculative or Opinion and Failure to Properly Cross-Examine Dr. Northrop*

Rodriguez next contends that, although the State never offered Dr. Northrop as an expert in any field, she was allowed to make multiple conclusions and offer speculative opinions without objection by defense counsel. Rodriguez argues the most egregious of the conclusions was that J.H.'s injuries were caused "intentionally" when the record contains no other evidence that the injuries were the result of an intentional, rather than a reckless or accidental act.

"Before this court may conclude counsel was ineffective for failure to make an objection, [Rodriguez] must show the trial court would have erred in overruling the objection." *Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Under Texas Rule of Evidence 702, a "witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702. Dr. Northrop was board certified in general pediatrics. She worked as a hospitalist for three years and was in her third year of three years of specialized training in child abuse. Defense counsel specifically asked Dr. Northrop about her opinion whether the injury was the result of an intentional act. Dr. Northrop explained she spent three years studying inflicted injuries and her opinion was based on the location of the burn and the history provided to her. *See Martin v. State*, 246 S.W.3d 246, 261 (Tex. App.—Houston [14th Dist. 2001, no pet.) (concluding that testimony by medical doctor that injuries inflicted on child were intentionally inflicted, even when that opinion embraced the ultimate issue of fact, was admissible).

Rodriguez offers no authority to show the trial court would have committed reversible error if it had overruled an objection to Dr. Northrop's testimony had defense counsel lodged an objection. *See Jagaroo*, 180 S.W.3d at 800. Rodriguez, therefore, failed to prove *Strickland*'s first prong. *See Goodspeed*, 187 S.W.3d at 392.

7.       *Failure to Properly Object to Outcry Witness*

Rodriguez next argues that defense counsel did not take the outcry witness on voir dire to assess the reliability of the outcry statements before Officer Allen was allowed to testify to the alleged victim's statements in front of the jury. Rodriguez also complains that although the trial court ruled further outcry witnesses would not be allowed to testify as to the same information, defense counsel did not object when J.H.'s maternal grandmother testified to J.H.'s outcry statements.

There were extensive discussions outside the jury's presence regarding the State's multiple pretrial-noticed outcry witnesses. Although the State identified several witnesses as outcry witnesses in pretrial discovery, after Detective Allen testified regarding J.H.'s substantive statements, the trial court held no other witnesses could testify under the outcry witness exception. *See* TEX. CODE CIV. PROC. ANN. § 38.072 (West 2018). During the State's direct examination of the grandmother, the prosecutor asked why the grandmother took J.H. to the Little Spurs Pediatric Clinic five days after the incident in question. The grandmother responded, "Because he had a burn on his stomach that he said that Darius had burned him." The State's follow up questions suggest the prosecutor was under the impression the Little Spurs Clinic was J.H.'s regular pediatric clinic.

The record supports that the grandmother's answer provided more information than the prosecutor sought. We cannot conclude that defense counsel's failure to object was not a calculated decision to not draw more attention to the damaging statement, which the jury had heard

from multiple witnesses at that point in the trial. *See Ex parte Bryant*, 448 S.W.3d 29, 41 (Tex. Crim. App. 2014) (acknowledging desire to avoid drawing additional attention to unfavorable evidence is a reasonably sound strategic motivation for not objecting); *see also Bollinger v. State*, 224 S.W.3d 768, 781 (Tex. App.—Eastland 2007, pet. ref'd) (counsel may choose not to object out of concern that "an objection might draw unwanted attention to a particular issue"). Rodriguez offers no evidence that defense counsel's decision fell below an objective standard of reasonableness under prevailing professional norms or that no competent attorney would have engaged in such actions. *See Goodspeed*, 187 S.W.3d at 392.

*8.      Failure to Make an Opening Statement on Defendant's Behalf*

Rodriguez argues ineffective assistance of counsel based on defense counsel's failure to make an opening statement on his behalf. The purpose of an opening statement is to preview the evidence that counsel expects the jury will hear. *See Davis v. State*, 22 S.W.3d 8, 13 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Texas courts have held that an opening statement is "entirely optional" or "entirely discretionary." *Darkins v. State*, 430 S.W.3d 559, 570 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Calderon v. State*, 950 S.W.2d 121, 127 (Tex. App.—El Paso 1997, no pet.). Thus, counsel's decision as to whether to make an opening statement is a matter of trial strategy. *See Brennan v. State*, 334 S.W.3d 64, 77 (Tex. App.—Dallas 2009, no pet.); *Davis*, 22 S.W.3d at 13; *Standerford v. State*, 928 S.W.2d 688, 697 (Tex. App.—Fort Worth 1996, no pet.).

Defense counsel's decision to waive making an opening statement and to avoid previewing the defense case or to retain flexibility based on the evidence at trial is a reasonable trial strategy. *See Davis*, 22 S.W.3d at 13. Because Rodriguez has not shown that defense counsel lacked a plausible trial strategy by not making an opening argument or that his trial would have had a different outcome had his defense counsel previewed the evidence for the jury, he has failed to set forth *Strickland*'s first prong. *See id.*; *see also Doe v. Brazoria Cty. Child Protective Servs.*, 226

S.W.3d 563, 573 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (rejecting claim of ineffective assistance premised in part on failure to give opening statement where party had not shown how the outcome of her trial would have been different had her counsel done so).

9.     *Failure to preserve Sufficiency Objection based on Victim's Failure to Properly Identify Rodriguez in the Courtroom*

Rodriguez contends defense counsel failed to preserve a sufficiency objection based on J.H.'s inability to properly identify Rodriguez in the courtroom. As the Texas Court of Criminal Appeals has continually held, "If a defendant challenges the legal sufficiency of the evidence to support his conviction on direct appeal, the appellate court always has a duty to address that issue, regardless of whether it was raised in the trial court." *Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004) (citing *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) ("A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so.")). We, therefore, overrule Rodriguez's claims asserting ineffective assistance of counsel related to defense counsel's failure to preserve appellate review of the legal sufficiency of the evidence. *Id*.

10.     *Allowing Rodriguez to Testify without Adequate Preparation*

Rodriguez next argues defense counsel failed to adequately prepare him to testify. However, the record does not support how defense counsel prepared, or failed to prepare, Rodriguez for his testimony. Without such evidence, Rodriguez failed to prove the first prong of *Strickland*. *See also* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

11.     *Failure to Provide Adequate Counsel During Closing Argument*

Although Rodriguez contends his defense counsel did not accurately remember the trial testimony and did not advocate for Rodriguez during his closing argument, he fails to point this

court to any objectionable arguments in the record. Additionally, Rodriguez's reliance on *Miles v. State*, 644 S.W.2d 23 (Tex. App.—El Paso 1982, no pet.), is misplaced. In *Miles*, the appellate court held the defendant received ineffective assistance of counsel because the record supported that trial counsel failed to ask a single question in voir dire, opened the door for the State to admit the defendant's arrest record, waived argument at punishment stage of trial, and failed to seek a severance at trial. *Id.* at 24–26. Here, the record does not substantiate any such account. Rodriguez's defense counsel actively participated in voir dire, questioned all of the witnesses, and evidenced a clear strategy throughout the trial. Rodriguez failed to provide any evidence that defense counsel's closing argument was deficient or harmed him in any way and therefore failed to support either prong under *Strickland*.

12.     *Failure to Request Lesser Included Offense of Recklessly Causing Bodily Injury*

Rodriguez next contends defense counsel was ineffective for failing to request a lesser included charge of recklessly causing bodily injury to J.H. "To establish [a] claim that defense counsel's performance was deficient for failing to request an instruction on [a] lesser included offense," the defendant first "must show that he was entitled to the instruction." *Shanklin v. State*, 190 S.W.3d 154, 159 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd). Rodriguez was entitled to the submission of a lesser-included offense if a two-pronged test was met: (1) "the [lesser-included] offense must be included within the proof necessary to establish the offense charged," and (2) "some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993) (citation and emphasis omitted); *see also Solomon v. State*, 49 S.W.3d 356, 368–69 (Tex. Crim. App. 2001).

Jessica and Rodriguez both testified the injury to J.H. was a spider bite. Neither testified the child was burned, or that the injury was the result of an accident or reckless behavior.

Rodriguez does not point to, and the record does not support, that Rodriguez was guilty of only the lesser included offense of recklessly causing bodily injury to J.H. Because the record does not contain evidence upon which a jury could find Rodriguez was guilty of recklessly or accidentally causing bodily injury to J.H., defense counsel did not err in failing to request the lesser included charge. *See Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (concluding the defendant did not show counsel's performance in failing to request an instruction was deficient because he was not entitled to the instruction).

Because Rodriguez was not entitled to a charge on the lesser included offense of recklessly causing bodily injury to J.H., Rodriguez failed to prove the first prong of *Strickland*. *See Goodspeed*, 187 S.W.3d at 392.

> 13.    *Failure to Request a Limiting Instruction on Prior Unadjudicated Offense*

Rodriguez relies on *Ex parte Varelas*, 45 S.W.3d 627, 636 (Tex. Crim. App. 2001), for the proposition that he was prejudiced by defense counsel's failure to request a limiting instruction on the extraneous acts in the charge during guilt/innocence phase of the trial. Rodriguez's defense counsel objected during trial to the introduction of evidence or testimony pertaining to the extraneous offenses, but defense counsel did not request any limiting instruction for the evidence. The record is silent as to defense counsel's reasoning in failing to request a limiting instruction.

In the absence of evidence of defense counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can possibly be imagined. *See Ex parte Saenz*, 491 S.W.3d 819, 828 (Tex. Crim. App. 2016). It is possible that trial counsel did not want to call further attention to the evidence by requesting a limiting instruction. *See McNeil v. State*, 452 S.W.3d 408, 415 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (explaining record reflected that trial counsel reasonably declined to request a limiting instruction regarding extraneous offenses because he did not want "any further attention to be drawn to potential

extraneous offenses or misconduct committed by the defendant"); *Agbogwe v. State*, 414 S.W.3d 820, 838 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding reasonableness of defense counsel's decision that seeking a limiting instruction directing the jury to disregard extraneous offense evidence would only bring further attention to the objectionable evidence). Rodriguez has not shown that trial counsel fell below an objective standard of reasonableness in failing to request a limiting instruction, and therefore failed to meet the first prong of *Strickland*. *See Goodspeed*, 187 S.W.3d at 392.

14.     *Failure to Provide Adequate Counsel during Punishment Phase*

Rodriguez contends defense counsel "failed to object even one single time" during the punishment phase, but does not identify which specific evidence or testimony was objectionable. Rodriguez does contend, however, the State's questions about Rodriguez's marijuana use in J.H.'s presence were generally objectionable.

We note the evidence admissible during the punishment phase of a trial is different than that admissible during the guilt-innocence phase. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (identifying proper punishment evidence as "any matter the court deems relevant to sentencing, including but not limited to . . . any other evidence of an extraneous crime or bad act"). The Texas Code of Criminal Procedure provides that when assessing punishment, the trial court shall direct a supervision officer to report to the court in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal-social history of the defendant and any other information relating to the defendant or the offense requested by the court. *Id.* art. 42.12, § 9(a); art. 37.07, § 3(d). "By statute, the Legislature has directed what is to be included in a PSI [pre-sentence investigation report], and the statute does not limit the criminal history to final convictions." *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010). In assessing punishment, a trial

court may consider extraneous misconduct evidence if that extraneous misconduct is included in a PSI, even where the extraneous misconduct has not been shown to have been committed by the defendant beyond a reasonable doubt. *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007) (concluding that under the plain language of article 37.07, section 3(d), the Legislature placed no conditions upon the trial court in considering the contents of a PSI report).

Defense counsel reasonably could have concluded the trial court would have overruled any objection to the extraneous offenses contained in a PSI. *See id*. at 764. In the absence of a developed record, we presume a sound trial strategy. *See Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002). Because we are unable to conclude that trial counsel's performance fell below an objective standard, we conclude that Rodriguez failed to meet *Strickland*'s first prong as to this complaint. *See Goodspeed*, 187 S.W.3d at 392.

### 15. *Failure to Object to Improper Victim Impact Statement*

Finally, Rodriguez contends defense counsel failed to object to Joshua Pantuso's hearsay and inadmissible testimony. Contrary to Rodriguez's contention that Joshua provided victim impact testimony pursuant to Texas Code of Criminal procedure article 42.03, section 1(b), Joshua was called as a witness by the State. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(b) (West 2018) (allowing a victim, relative, or guardian to present to the court and defendant a statement about offense, defendant, and effect of the offense must be after punishment assessed, announced, and pronounced). Joshua took the stand and testified under oath. His testimony was prior to the trial court's assessment of punishment. The record does indicate victim impact testimony was provided, however, in accordance with article 42.03, the testimony was not transcribed or made part of the record. *See id*. We, therefore, deny Rodriguez's claim regarding Joshua's testimony as violative of article 42.03 of the Texas Code of Criminal Procedure. *See id*.

**C.      Cumulative Review of Rodriguez's Ineffective Assistance of Counsel Claims**

The Texas Court of Criminal Appeals has continually held an appellant must meet both *Strickland* prongs, counsel's performance was objectively unreasonable, and appellant was prejudiced before defense counsel's representation will be found ineffective. *See Lopez*, 343 S.W.3d at 142 (citing *Strickland*, 466 U.S. at 687). Here, the record is simply undeveloped as to the reasons underlying defense counsel's conduct and alleged shortcomings. *See Thompson*, 9 S.W.3d at 813. Nothing in the record before us on direct appeal rebuts the strong presumption that Rodriguez's defense counsel's conduct was within the range of reasonable professional assistance. *See Lopez*, 343 S.W.3d at 142. Even assuming Rodriguez met *Strickland*'s first prong on one of his complaints regarding defense counsel's conduct, Rodriguez failed to show how "but for" these alleged deficiencies, there is a reasonable probability the result of the trial would have been different. *See Strickland*, 466 U.S. at 687. Because Rodriguez failed to prove both prongs set forth under *Strickland*, we overrule his complaints set forth under his issue asserting ineffective assistance of counsel.

CONCLUSION

Having overruled each of Rodriguez's issues on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH