

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00384-CR

---

**HECTOR ERNESTO MARTINEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the County Criminal Court No. 3
Denton County, Texas[1]
Trial Court No. CR-2024-00614-C, Honorable Forrest C. Beadle, Presiding

---

June 18, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Hector Ernesto Martinez, appeals his conviction for the offense of driving while intoxicated (DWI) with a prior conviction[2] and resulting sentence of 365 days

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. §§ 49.04(a), (d); .09(a).

in jail. Appellant contends that the trial court erred when it denied his motion for directed verdict. We affirm the trial court's judgment.

## BACKGROUND

On December 24, 2022, a concerned citizen observed a vehicle being driven erratically on I-35 in Denton County, Texas. The vehicle was seen swerving across the road and nearly ran into another vehicle. The citizen followed the vehicle to a 7-Eleven convenience store. The citizen called 9-1-1 to report the situation and stayed on the phone until the police arrived. When the police arrived, the citizen identified the vehicle he had followed. The police discovered that Appellant had been the driver of the vehicle. Appellant acted nervous and smelled strongly of alcohol. After Appellant advised the officers that he does not speak English, the officers requested a Spanish-speaking interpreter to come to the scene. Through the interpreter and in response to questions from the officers, Appellant claimed he was coming from Dallas and heading toward Garland, which is the opposite direction from Denton; that he had drunk two beers and a shot of whiskey; and that, on a scale from 0 to 10, he was a 3 in terms of intoxication. The police administered multiple field sobriety tests and Appellant performed poorly on each. Based on the totality of circumstances, Appellant was arrested for DWI. A sample of Appellant's blood was tested, and the test revealed that his blood-alcohol concentration (BAC) was 0.242.

At trial, Appellant pleaded not guilty. Based on evidence of the foregoing, a jury convicted Appellant of DWI with a BAC over 0.15. The trial court then sentenced Appellant to 365 days in jail. Appellant timely appealed. Specifically, Appellant's sole

issue contends that "the trial court erred when it denied Appellant's request for a directed verdict as there was insufficient evidence of the crime." A challenge to a trial court's failure to grant a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016) ("A motion for instructed verdict is essentially a trial level challenge to the sufficiency of the evidence."); *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (treating challenge to denial of motion for directed verdict as challenge to sufficiency of evidence).

## LAW AND ANALYSIS

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[3] *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all the evidence in the record,

---

[3] Appellant contends, for much of his brief, that we should review the evidence to determine whether it is factually sufficient to support the conviction. However, the Texas Court of Criminal Appeals essentially negated factual sufficiency review in *Brooks*. 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); s*ee In re Stoddard*, 619 S.W.3d 665, 675 (Tex. 2020) (discussing *Brooks'* conclusion that the legal and factual sufficiency standards have become essentially the same).

3

both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are also required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

A person commits the offense of DWI if he operates a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04. A person is intoxicated when he lacks the normal use of his mental or physical faculties "by reason of the introduction of alcohol . . . into the body" or by having a BAC of 0.08 or more. *Id.* § 49.01(2). If it is shown that the person's BAC was 0.15 or more, the offense is a Class A misdemeanor. *Id.* § 49.04(d).

As previously stated, in reviewing the sufficiency of the evidence, we must evaluate all the record evidence, even evidence that was improperly admitted. *Jenkins*, 493 S.W.3d at 599; *Clayton*, 235 S.W.3d at 778. Here, evidence reflected that Appellant was seen driving erratically in a public place, exhibited signs of intoxication, and failed multiple field sobriety tests. Testing revealed that his BAC was 0.242. Appellant does not dispute the presence of this evidence in the record. Rather, Appellant contends that his

4

constitutional rights were violated because no police officer witnessed him driving[4] and he was confused by instructions given to him because he does not speak English.[5] These arguments go to the weight the jury could ascribe to the evidence but do not negate the sufficiency of the evidence that was presented to the jury.

When there is conflicting evidence, we must presume that the jury resolved the conflict in favor of the verdict. *Carr v. State*, 477 S.W.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (citing *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)). This is because the jury is the exclusive judge of the facts proved and of the weight to be given to testimony. TEX. CRIM. PROC. ANN. art. 38.04; *Read v. State*, 698 S.W.3d 56, 61 (Tex. App.—Amarillo 2024, pet. ref'd) (citing *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013)). Because the jury's resolution of the conflicting evidence in this case turned on its determination of the credibility and weight to be afforded to witness testimony, the evidence is sufficient to support the jury's conviction of Appellant for DWI. *See Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016) ("Because we will not second-guess the jury's assessment of the credibility and weight of witness testimony, and because we defer to the jury's resolution of conflicting inferences,

---

[4] Appellant states that "[n]o witness by the State testified that they witnessed driving facts by Appellant." However, the concerned citizen who called 9-1-1 testified as to his observations of Appellant's erratic driving. Because he followed Appellant and stayed at the location until police arrived, the jury was free to believe that the erratic driver was Appellant. Also, while officers did not witness Appellant driving, two officers testified that Appellant admitted that he was driving. This is sufficient evidence to establish that Appellant had been driving the vehicle in a public place. *See Hines v. State*, 383 S.W.3d 615, 623–24 (Tex. App.—San Antonio 2012, pet. ref'd) (nonpolice witness identification coupled with defendant's admission to driving is sufficient evidence to support DWI conviction).

[5] Appellant's argument is that his inability to speak English and limited education made him unable to recite the alphabet and count backward. This goes to the weight to be afforded to the results of that field sobriety test but does not alter the evidence that was presented that Appellant exhibited many signs of intoxication and failed all other field sobriety tests.

Balderas's allegations that Wendy's testimony was false and not credible play no part in our review of the sufficiency of the evidence.").

We overrule Appellant's sole issue and affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.